## McCLUER v. VIRDEN.
### No. 9855.

Circuit Court of Appeals, Eighth Circuit.
April 18, 1934.

Rehearing Denied May 16, 1934.

George E. Woodruff, of Trenton, Mo. (J. Hubert Fuller, of Princeton, Mo., on the brief), for appellant.

L. A. Warden, of Trenton, Mo., for appellee.

Before STONE and WOODROUGH, Circuit Judges, and OTIS, District Judge.

STONE, Circuit Judge.

This is an appeal from an order allowing a designation of homestead by the appellee, bankrupt. From this allowance the trustee appeals.

The question here involved is well stated by the appellant as follows: "May bankrupt, living upon land owned by her husband as head of the family and occupied by him as the family homestead, acquire other property having no connection with said homestead and, after such property is acquired, incur debts and later, after the property formerly occupied as a homestead has been lost through foreclosure sale, remove to the property last acquired by the bankrupt and claim said property exempt under the homestead laws of the State of Missouri?" The facts are that the family lived upon a certain piece of property which was incumbered. At the same time appellee owned in her own right the land now in controversy. There was foreclosure upon the land of the husband which was then being occupied, and thereafter the family moved onto appellee's property, using it as their home thereafter. After appellee had acquired this land, but before moving to it, she had contracted debts which are yet unpaid.

The answer to the above question must be found in the law of Missouri as applied to the above facts. Section 2998, Rev. St. Missouri 1929 (Mo. St. Ann. § 2998, p. 5055), expressly empowers a married woman to "invoke all exemption and homestead laws now in force for the protection of personal and real property owned by the head of a family, except in cases where the husband has claimed such exemption and homestead rights for the protection of his own property." Section 608 (Mo. St. Ann. § 608, p. 4221) provides that the homestead shall be "exempt from attachment and execution, except as herein provided." Section 615 (Mo. St. Ann. § 615, p. 4234) defines the exception referred to in section 608, as follows: "Such homestead shall be subject to attachment and levy of execution upon all causes of action existing at the time of the acquiring such homestead, except as herein otherwise provided; and for this purpose such time shall be the date of the filing in the proper office for the records of deeds, the deed of such homestead, when the party holds title under a deed, but when he holds title by descent or devise, from the time he becomes invested with the title thereto; and in case of existing estates, such homestead shall not be subject to attachment or levy of execution upon any liability hereafter created."

From the above statutory provisions it is clear that, under the above facts, appellee had a right to claim this property as homestead, exempt from all liability for indebtedness unless prevented by section 615 on account of the debts made by her before moving thereto and using it as a homestead. That section provides that the time from which the exemption shall be effective shall be the date when the party became invested with the title thereto if acquired by descent or devise (as was the case here). Since the property was so acquired before the debts were made but not occupied as a homestead until after they were made, the ultimate issue here is whether this provision of section 615 is effective between the acquisition of title and the occupation as a homestead. While there seems to have been some uncertainty in the decisions of the Supreme Court of Missouri on this matter for a time, the later cases, apparently, announce the rule that the effective date for exemption is the acquisition of the property. Sperry v. Cook, 247 Mo. 132, 152 S. W. 318; Sharp v. Stewart, 185 Mo. 518, 84 S. W. 963; Finnegan v. Prindeville, 83 Mo. 517.

The order should be, and is, affirmed.