L. ISABELLA BARROWS HALLAUER v. U. H. LACKEY, Appellant.

U. H. LACKEY, Appellant, v. FRED HALLAUER and L. ELIZABETH HALLAUER.—No. 39271.—188 S. W. (2d) 30.

Division One, May 1, 1945.

Rehearing Denied, June 4, 1945.

*Maurice J. O'Sullivan* for appellant.

*J. K. Owens* for respondent.

1246

DALTON, C.—This is an appeal from a judgment disposing of two actions, one in quiet title and the other in unlawful detainer. The causes were consolidated in the circuit court and involve the same real estate, a house and lot in Kansas City, Missouri.

The action in unlawful detainer was instituted by appellant in the justice court and was certified to the circuit court upon the affidavit of respondent, who alleged that the deed under which appellant claimed title was void; that respondent was the owner and entitled to possession of the described property; and that title to real estate was an issue in the case. Respondent, thereafter, instituted the action to quiet title. Appellant denied generally the allegations of respondent's petition and filed a cross action asking that title be quieted in him. The petition and cross petition stated no facts to invoke the jurisdiction of a court of equity, but in conventional form asked a determination of the existing legal title. Respondent, in her ▉ answer to the cross petition of appellant, alleged that she acquired the property by deed dated October 26, 1940; that her deed was duly recorded (date not alleged); that the deed under which appellant claimed title was void because based upon an execution issued on the judgment in the case of Errol Joyce v. Carey Wheelbarger; that the real estate, worth approximately $2000, was sold for the "wholly and totally inadequate sum" of $150; that the property sold was respondent's homestead and exempt from execution; that no notice of levy or sale was given as provided by statute; that appellant had constructive knowledge of the facts alleged; and that respondent was ready and willing to pay all taxes paid by appellant and to redeem the property. Respondent again prayed that title be quieted in her and that appellant be enjoined and restrained from asserting any claim to the property.

No reply was filed by appellant, but a jury was waived and the consolidated case was submitted to the court upon the pleadings, evidence and admissions. The court found all issues for respondent and entered the judgment appealed from.

It was admitted that title had been in respondent and, accordingly, appellant assumed the burden of establishing an interest in the property. It was further admitted that respondent had signed an appeal bond (no date given) in a certain cause in the justice court of Jackson County, "giving this property as surety on the bond at the time" (manner not shown); and that on November 19, 1941, a judgment was entered in the circuit court of said county in favor of Errol Joyce and against Carey Wheelbarger and three other parties, including respondent, for $750. Appellant offered in evidence the general execution issued January 12, 1942, on the Joyce judgment, the recorded notice of levy on the described property, the notice of sale, the affidavit of due publication of the notice, the report of the sale on execution, and the sheriff's deed under execution, dated February 20, 1942, purporting to convey respondent's interest in the described property to Errol Joyce for a consideration of $150. Appellant also offered a special warranty deed, dated February 19, 1944, from Joyce and wife, which deed purported to convey the described premises to appellant. The deed warranted against the claims of persons claiming under the grantors.

There was evidence that, prior to obtaining the conveyance from Joyce and wife, appellant had had a tax deed (not offered in evidence); that he had claimed title to the described premises under the tax deed; that he had had his agent demand rent of respondent in March, 1943; that the demand was refused; that he had then instituted suit against Errol Joyce to quiet title to the described premises; that the suit had been settled and dismissed upon delivery of Joyce's deed to appellant; and that appellant had paid $451.74 for the property. The payment was evidenced by a check bearing the following endorsement: "Payment in full for the East forty-two feet of Lots 25 and 26 in Block 6, Ivanhoe Park Addition, free and clear of all encumbrances, except taxes of record, together with immediate possession." On February 29, 1944, after obtaining the deed from Joyce and wife, appellant demanded possession of the premises in writing and, failing to obtain possession, instituted the action of unlawful detainer.

The evidence on behalf of respondent tended to show that she had lived in the property for more than 25 years; that, prior to April 26, 1941, the date of her marriage to her present husband, she was a widow and resided in the property with her daughter. When or how respondent acquired title was not shown and, if by deed as alleged, the date of recording was not shown. The age, marital status or dependency of the daughter (also referred to as respondent's "child") did not appear from the evidence. Without objection,

1248

respondent was permitted to testify that, at the time of her marriage to her present husband, she was the head of a family; and that she lived in the described property, owned it and claimed it as her homestead. She further testified that she was living in the property with her husband and daughter in January, 1942, when the general execution was issued on the Joyce judgment; that she had continuously maintained her home in the property; and that the property was worth less than $3000. She further testified that she had no personal knowledge that any judgment was entered against her and that she knew nothing of the issuance of the execution, the making of the levy, or the sale of the property by the sheriff, until March, 1943, when rent was demanded. She said that she was not served with any notice that an execution had been issued or that she had ▇ the right to claim exemptions. She testified that she claimed the property as her homestead and as exempt property. Her evidence showed that her husband had claimed no other property as homestead and that he was living with his wife on her property. The husband testified that he claimed the property in question as homestead, but thought it was his wife's homestead. At the close of the evidence respondent paid $272.75 to the clerk of the court, this sum being the amount of taxes paid by appellant.

In entering judgment for respondent, the court found that appellant had no interest in the property and quieted the title in respondent. The court also set aside the sheriff's deed to Joyce and enjoined the recording of the deed from Joyce and wife to appellant.

Appellant assigns error on the finding for respondent on the untenable theory (according to appellant) that "the execution sale of respondent's title to Joyce was void because she had a homestead exemption." Appellant says that "facts sufficient to establish a homestead exemption were neither pleaded nor proved." Appellant contends that the evidence will not sustain a finding that respondent was the head of a family or authorized to claim homestead in her separate property.

▇▇ Appellant admits that "the consolidated cause was apparently tried as an equity proceeding," and, in any case, we will review the judgment as one in equity. Sections 2, 3, and 114 of the new code of civil procedure. Laws 1943, p. 353 et seq. Appellant concedes that respondent's petition to quiet title was "in conventional form." Section 1684 R. S. 1939. While present counsel for appellant did not try the cause below, the record shows that no objection was made to any of the pleadings; and that no evidence was objected to on the ground that it was not within the issues made by the pleadings. It is now too late to complain that respondent pleaded conclusions and failed to plead facts showing that she was the head of a family or otherwise entitled to the homestead exemption which she claimed. The pleadings will be considered amended to conform to the facts ad-

mitted without objection and we will review the cause on appeal upon the same theory upon which it was tried in the trial court. Brandt v. Farmers Bank of Chariton County, 353 Mo. 259, 269, 182 S. W. (2d) 281, 286.

As stated, it was conceded that respondent had had title to the described real estate (the admitted common source); and that she was in possession, claiming both ownership and the right to possession. While the court in its decree did not indicate the theory upon which it acted in finding the issues for respondent or in granting affirmative relief, the issue tried below was whether or not respondent was entitled to claim a homestead in the property exempt from execution.

Section 608 R. S. 1939, provides, in part, as follows: "The homestead of every housekeeper or head of a family, consisting of a dwelling house and appurtenances, and the land used in connection therewith, not exceeding the amount and value herein limited, which is or shall be used by such housekeeper or head of a family as such homestead, shall . . . be exempt from attachment and execution, except as herein provided . . ." No question was raised concerning the amount or value of the property, nor is any point made of the fact that there was no evidence showing when or how title was obtained, and, if by deed, the date when it was recorded. See, Sec. 615 R. S. 1939.

Appellant claims that respondent had no right to claim the property in question as homestead or exempt property because there was no proof that she was the head of a family and because the evidence shows that she was a married woman living with her husband and that the obligation upon which the judgment was based was contracted prior to her present marriage. Appellant says that Sec. 608, supra, shows a clear legative intent to grant homestead only to the head of the family; and that "the wife may assert the homestead right in the *husband's property* under Sec. 3385, if the husband fails to claim it in his own property." (Italics ours.) Appellant insists that respondent, as a married woman, can claim no homestead rights in her own separate property under present statutes, because there was no proof of "outstanding dependency," and "no reason for exemption."

Respondent, on the other hand, claims here and claimed in the trial court that her rights were based on Sec. 608 and Sec. 3385 R. S. 1939; and that she, ▮ as a wife, was authorized to claim a homestead in her own separate property, if the husband did not claim homestead in his own property. It was upon this theory that respondent offered her husband's testimony to show that he claimed this property as his homestead; that he lived in it with his wife; that he thought it was his wife's homestead; and that he claimed no other property as homestead. Respondent also claimed it as her homestead and as exempt from execution.

Section 3385 R. S. 1939, provides that "a married woman shall be deemed a femme sole so far as to enable her to carry on and transact business on her own account, to contract and be contracted with, to sue and be sued, and to enforce and have enforced against her property such judgments as may be rendered for or against her, and may sue and be sued at law or in equity, with or without her husband being joined as a party: Provided, a married woman may invoke all exemption and homestead laws now or hereafter in force for the protection of personal and real property owned by the head of a family, except in cases where the husband has claimed such exemption and homestead rights for the protection of his own property."

While respondent was permitted to testify that, prior to her last marriage, she was the head of a family, there was no evidence from which an inference could be drawn that respondent, after her marriage to her present husband, remained the head of the family. Accordingly, it is necessary to determine whether in view of Sec. 3385, supra, it was necessary for respondent, a married woman, to show that she was in fact the head of a family in order to claim a homestead exemption for the protection of her own property, where the husband resided with his wife in her property and had claimed no homestead exemption for the protection of his own property. In other words, is a married woman, who is not the head of the family, entitled to claim a homestead exemption in her own property under the facts stated?

In determining the issue presented, we must keep in mind that homstead statutes have uniformly been construed with great liberality by the courts in order that the expressed purpose and intent of the legislature be carried into effect. Ahmann v. Kemper, 342 Mo. 944, 119 S. W. (2d) 256, 258; Balance v. Gordon, 247 Mo. 119, 124, 152 S. W. 358; Sharp v. Stewart, 185 Mo. 518, 529, 84 S. W. 963; Regan v. Ensley, 283 Mo. 297, 222 S. W. 773, 774.

The case of Sharp v. Stewart, supra, involved an appeal from an order of the trial court sustaining a motion to set aside a sale of real estate made under an alias execution, because the sheriff had failed to allow and set aside homestead to respondents (husband and wife). The judgment under which the execution was issued was against both husband and wife, but the land belonged to the wife and the husband and wife (with their children) occupied the land as a homestead. The judgment was dated in 1895 and the contested issue was whether the homestead dated from an 1885 devise to the wife, or from an 1898 partition decree when the wife's share was set off to her and she moved onto it. The court held that her homestead dated from 1885 and was not subject to execution sale in 1901.

In ruling the question the court said: "The title to the land in dispute was in Mrs. Stewart, wife of her co-defendant, Anthony W. Stewart, and the record discloses that her husband has made no claim of exemption or homestead rights for the protection of his

property; hence it follows that, if this land was in fact a homestead, the wife was authorized to make such claim of exemption, for herself and children. Sec. 4335 R. S. 1899. . . . The sheriff, making the levy and sale was fully notified of her rights in the premises before the sale, but refused to take any action in respect to the preservation of her homestead exemption. There is nothing indicated in the record that the defendants or either of them were claiming any other homestead, hence we have reached the conclusion that Mrs. Stwart had the right to claim the land in dispute as exempt from levy and sale under the execution issued in this cause. Having acquired the property prior to the date of contracting the debt, the visible and actual occupancy of the premises at the time of the levy established her right to the homestead exemption.''

In the case of McCluer v. Virden (8th Circuit), 70 Fed. (2d) 724, the court affirmed an order allowing homestead to appellee, bankrupt. The facts stated were ''that the family lived upon a piece of property which was incumbered. At the same time ▮▮▮ appellee owned in her own right the land now in controversy. There was foreclosure upon the land of the husband which was then being occupied, and thereafter the family moved onto appellee's property, using it as their home thereafter. After appellee had acquired this land, but before moving to it, she had contracted debts which are yet unpaid.'' The court reviewed the Missouri statutory provisions and held that appellee had the right to claim her property as homestead and exempt, and that the effective date for exemption was the date the property was acquired.

In both of the cases mentioned, supra, the right of the wife under Sec. 3385 R. S. 1939 to claim a homestead exemption in her own separate property was not the primary issue, but was assumed without question. In another case, Ahmann v. Kemper, supra, this court made the same assumption and said: ''And a wife, in her own name, may claim a homestead in her separate property.''

In the case of White v. Smith, 104 Mo. App. 199, 78 S. W. 51, (a case involving personal property of a married woman) it was held that Sec. 4335 R. S. 1899 (which, except for an amendment, Laws, 1939, p. 510, is the same as 3385 R. S. 1939) was ''in the nature of an enabling statute'' and that, where the husband (the head of the family) failed to claim his exemption, the wife was authorized to do so for the protection of her own separate property. For other cases involving personal property, see State ex rel. Schwettman v. Oberheide (Mo. App.), 39 S. W. (2d) 395, 397; Luster v. Cook (Mo. App.), 297 S. W. 459.

We find nothing in Sec. 3385, supra, that requires a *married woman* to be the head of a family in order to ''invoke all exemption and homestead laws'' for the protection of her own separate property to the extent provided by Sec. 608, supra, where the husband has failed to claim ''such exemption and homestead rights for the pro-

tection of his own property." Under the circumstances shown, respondent was, therefore, entitled to claim the real estate in question as homestead property and as exempt from execution.

■ The sheriff's sale of respondent's homestead without personal notice to respondent or any opportunity to claim her exemptions under the statutes was void. Secs. 609 and 3385 R. S. 1939; Creech v. Childers, 156 Mo. 338, 442, 56 S. W. 1106. See, also, Stinson v. Call, 163 Mo. 323, 330, 63 S. W. 729 (overruled on another issue, Lawson v. Hammond, 191 Mo. 522, 90 S. W. 431); St. Louis Brewing Ass'n. v. Howard, 150 Mo. 445, 450, 51 S. W. 1046. Accordingly, appellant acquired no interest in the property under his deed from Joyce and wife.

■ Appellant further contends that, regardless of respondent's right to homestead, he was entitled to and did rely upon the record title of Joyce. It appears from the evidence that appellant acquired the deed from Joyce and wife after notice that respondent was in possession of the premises claiming ownership and refusing to pay rent. Appellant, therefore, could not rely on the record title, but was charged with such knowledge as he could have obtained from the party in possession upon reasonable inquiry. Woodbury v. Connecticut Mutual Life Ins. Co., 350 Mo. 527, 166 S. W. (2d) 552, 554; Johnson v. Moore, 346 Mo. 854, 143 S. W. (2d) 254, 256; McBride Realty Co. v. Grace, 223 Mo. App. 588, 15 S. W. (2d) 957, 960.

■ Appellant further contended that "the pleadings do not support the injunctive order," and that the court erred "in the enjoining Lackey (appellant) from recording his deed and in failing to adjudge that Lackey was entitled to immediate possession." As stated, supra, the petition and cross petition stated actions at law in conventional form, but the parties concede that the cause was tried and ruled as one in equity, apparently on the theory that respondent's answer to the cross petition of appellant converted the cause into one in equity. St. Joseph Lead Co. v. Fuhrmeister, 353 Mo. 232, 240, 182 S. W. (2d) 273, 277; Kimberlin v. Roberts, 341 Mo. 267, 107 S. W. (2d) 24, 28. "When a court of equity once acquires jurisdiction of a cause, it will retain it to do full and complete justice. The Court may give any relief consistent with the allegations, and where the petition contains prayers for specific relief, it may also give relief different from the specific relief sought." Marston v. Catterlin, 290 Mo. 185, 193, 234 S. W. 816. It is now too late to complain that equitable relief was granted. See, Oetting v. Green, 350 Mo. 457, 166 S. W. (2d) 548.

■ The issue of right of possession has been ruled, supra, in determining the issue of homestead and title.

The judgment is affirmed. *Bradley* and *Van Osdol, CC.*, concur.

PER CURIAM:—The foregoing opinion by DALTON, C., is adopted as the opinion of the court. All the judges concur.