**Dewey CASSADY, Individually, etc.,**
**Appellant,**

**v.**

**BOARD OF ALDERMEN OF the CITY OF**
**BOWLING GREEN, Kentucky, etc.,**
**et al., Appellees.**

Court of Appeals of Kentucky.

March 25, 1955.

Herman Cohen, Louisville, for appellant.

G. Duncan Milliken, Jr., Bowling Green, for appellees.

CAMMACK, Justice.

This case involves the right of the City of Bowling Green, a city of the second class, to construct two sub-fire stations and make an 850-foot extension of an eight-inch water line without determining prevailing wages and advertising for bids. KRS 337.510 and 337.520. Ordinances were adopted by the City providing that the work be done by the Board of Public Works under the supervision of the City Engineer. It was stipulated that all materials and supplies used on the projects costing more than $500 would be purchased from the lowest and best bidders after due advertisement. It was stipulated also that the City did not have in its employ sufficient skilled labor to carry on the projects and that it would be required to go into the open labor market and employ skilled craftsmen through the Board of Public Works, pursuant to the ordinances. The lower court held that the City had the right to do the construction as it had ordained, and that it was not

2

violating KRS 337.510 and 337.520. This appeal followed.

 We think the case was properly decided in the lower court. KRS 337.510 follows:

"Schedule of prevailing wages to be included in specifications. Before advertising for bids or entering into any contract for construction of public works, every public authority shall ascertain the prevailing rates of wages of laborers, workmen, mechanics, helpers, assistants and apprentices for the class of work called for in the construction of such public works in the locality where the work is to be performed. This schedule of wages shall be attached to and made a part of the specifications for the work and shall be printed on the bidding blanks and made a part of every contract for the construction of public works."

KRS 337.520 provides for the determination of prevailing wages by a public authority.

The City did not advertise for bids or enter into any contracts for the construction of the projects. However, as we have noted, it was stipulated that all purchases of materials amounting to more than $500 would be made after due advertisement. It is the contention of the appellants that the employment of skilled labor constituted a contract which the City could enter into only after due advertisement for bids. It is upon this theory that the contention is made that KRS 337.510 and 337.520 apply to the projects.

The reason given by the trial court for holding that KRS 337.510 was not applicable follows:

"This statute KRS 337.510 must be construed in accordance with its spirit and purpose which is salutary and in the public interest. Such purpose is to prevent contractors in the construction of public works enhancing their profits or diminishing their losses by exploiting the labor which they em-

ploy. And, therefore, the requirement that the public authority shall in such a case establish the prevailing rate of wages and require the contractor to pay such rates."

As indicated, we think the trial court ruled properly that this statute was not applicable to the case.

Judgment affirmed.