Beva A. OWEN, Respondent,

v.

Grover C. RIFFIE, Administrator of the Estate of Newby H. Owen, Deceased, Appellant.

No. 46939.

Supreme Court of Missouri,

Division No. 1.

April 13, 1959.

Rehearing Denied May 11, 1959.

766

Dayle C. McDonough, pro se, Maysville, Frank L. Pulley, Cameron, for appellant.

Robison & Miller, Maysville, for respondent.

HOLLINGSWORTH, Judge.

This appeal requires determination of the scope and meaning of certain provisions of the 1955 Probate Code of Missouri, as published in RSMo 1949 and 1957 Supp., Vol. 26 V.A.M.S., and pocket parts, to which all statutory references herein are made. The question is whether a surviving widow, who elected to take against the will of her deceased husband, was entitled to a homestead allowance under the provisions of said code prior to amendment thereof in 1957. The trial court adjudged her so to be, from which the administrator of her husband's estate has appealed.

The facts are admitted. Newby H. Owen, a resident of DeKalb County, Missouri, without descendants, died on December 24, 1956, survived by his widow, Beva A. Owen, respondent herein. By his will, admitted to probate on January 25, 1957, he gave all of his property, real and personal, in equal shares to respondent and a nephew, Dayle C. McDonough, the latter also being named therein as executor. The estate, as shown in the inventory and appraisement filed by the executor, consisted of personal property of the value of $947.40 and real estate of the value of $11,400. On March 12, 1957, respondent, acting under the provisions of section 474.160, filed her election to take against the will and, on April 17, 1957, acting under the provisions of section 474.290, filed her application asking that certain real estate be set off and conveyed to her as homestead allowance. The executor filed an objection to the allowance, contending that in electing to take against the will under section 474.160 she was entitled to take, in addition to exempt property and family allowance, only the portion of the estate specifically referred to in section 474.160, which, prior to its amendment in 1957, made no mention of homestead allowance.

At this stage of the proceedings, Mr. McDonough was appointed probate judge and thereupon resigned as executor. Grover C. Riffie was appointed administrator d. b. n. c. t. a. of the estate and as such is the appellant herein. Upon petition of respondent, her application for homestead and statutory allowances was transferred to the circuit court.

At the trial in the circuit court, it was stipulated that the respondent should have the furniture and small tools enumerated in her application and the sum of $1,200 for one year's support; that the value of the real estate as set forth in the inventory and appraisement should be taken as the true value for the purpose of her application; that she had elected to take as her homestead allowance the real estate described in her application (valued in the inventory and

appraisement at $6,000) ; and that if the value of real estate selected by her exceeded her homestead rights she would pay to the estate a sum sufficient to "equalize said homestead allowance if one be granted to her." The court found that one-half of said estate, exclusive of exempt property and family allowance, was $5,561.20, the maximum value of homestead allowance awardable under the code, and that the value of the real estate selected by her as her homestead allowance was $6,000. Judgment was entered awarding her the homestead allowance in her application sought, subject to the payment to the estate of the sum of $219.40 (conceded on this appeal to be erroneous—it should have been $438.80), and the administrator was directed to make the conveyance necessary to transfer said real estate to respondent.

It is admitted that respondent's statutory rights to share in the estate of her deceased husband are to be determined by §§ 474.290 and 474.160, as they were enacted in 1955 and in force at the time of his death. Section 474.290, relating to homestead allowances of a surviving spouse, when there are no unmarried minor children, then provided:

"At any time after the return of the inventory, the court, on application of the surviving spouse * * * of a decedent, shall make an allowance to the surviving spouse * * * of an amount not exceeding fifty per cent of the value of the estate, exclusive of exempt property, and the allowance made under section 474.260, but in no case shall the allowance exceed seven thousand five hundred dollars. Such allowance shall be known as a homestead allowance and is in addition to the exempt property and the allowance to the surviving spouse * * * under section 474.260. Such allowance may consist, in whole or in part, of money or property, real or personal, and, subject to the provisions of section 473.620, RSMo, property may be selected as hereinafter provided. The homestead allowance shall be the absolute property of the surviving spouse, if any; * * *. The selection of property shall be made by the surviving spouse, if any, * *. *The homestead allowance is exempt from all claims against the estate. The homestead allowance shall be charged against the share to which the surviving spouse * * * is entitled as a distributee of the estate.*" (Emphasis supplied.)

(Direct reference will again be made to the last sentence of § 474.290 hereinabove quoted.)

Section 474.160, relating to the rights of a surviving spouse who elects to take against the will, in so far as relevant, then provided:

"When a married person dies testate as to any part of his estate, a right of election is given to the surviving spouse solely under the limitations and conditions herein stated:

"(1) The surviving spouse, upon election to take against the will, shall receive in addition to exempt property and the allowance under section 474.-260 one-half of the estate if there are no lineal descendants of the testator; or, if there are lineal descendants of the testator, the surviving spouse shall receive one-third of the estate;

"(2) When a surviving spouse elects to take against the will he shall be deemed to take by descent, as a modified share, such part of the estate as comes to him under the provisions of this section, and shall take nothing under the will."

In 1957, subsection (1) of paragraph 1 of section 474.160 was, to the extent herein italicized, amended to read:

"(1) The surviving spouse, upon election to take against the will, shall receive in addition to exempt property and the allowance under section 474.260 one-half of the estate, *subject*

*to the payment of claims,* if there are no lineal descendants of the testator; or, if there are lineal descendants of the testator, the surviving spouse shall receive one-third of the estate, *subject to the payment of claims;"*

And a new paragraph, numbered 2, was added, reading as follows:

"2. The rights of the surviving spouse under this section are not given in lieu of the homestead allowance under section 474.290, but any homestead allowance made to the surviving spouse shall be offset against the share taken under this section."

In a footnote to the statute as thus amended, the publisher of V.A.M.S. makes the following comment:

" 'This section [2] relates to the effect of an election by a spouse to take against the will. The changes [under the 1957 amendment] are in subsections 1 and 2 and are merely to make clear that the spouse so electing gets ½ or ⅓ of only the net estate, and also to make clear that any homestead allowances made to a person electing to take against the will shall be offset against the share taken under this section. Actually there is no change in substance here—but there has been confusion about it.' Judge Leslie A. Welch, of Kansas City, Aug. 1957, 13 J. of Mo. Bar 148." (Judge Welch was a member of the advisory committee created in 1953 to draft the proposed Probate Code for submission to the Legislature in 1955.)

At this point, it should also be noted that at the time the 1957 amendments were made to the code the last sentence hereinabove quoted from section 474.290, reading:

"The homestead allowance shall be charged against the share to which the surviving spouse * * * is entitled as a distributee of the estate."

was deleted from that section and the substance thereof was transferred to and became subsection 2 of new section 474.160, thus, it seems, confirming the conclusions of Judge Welch.

Appellant's contention is, first, that if the court made the homestead allowance to respondent under the provisions of section 474.160, as written in 1955, it erred in so doing because of the specific limitation therein placed upon her right to take of her deceased husband's estate upon her election to take against his will; and, second, that if the court made the allowance under section 474.160, as amended in 1957, it erred in so doing because its order was (1) violative of Article I, Section 13, of the Constitution of Missouri, V.A.M.S., prohibiting the enactment of any law restrospective in its operation, and (2) violative of the due process clause of the XIV Amendment of the Constitution of the United States. Respondent readily concedes that the true intent and purpose of section 474.160, as written in 1955, when read in connection with section 474.290, relating to homestead allowance, is determinative of the question here presented and that the 1957 amendment should be considered only to the extent it may be of aid in the construction to be placed upon section 474.160 prior to its amendment. She contends that section 474.160, both prior and subsequent to its amendment, deals not with homestead, but an essentially different subject matter, i. e., the *distributive share* of a surviving spouse who has elected to take against the will and that the 1957 amendments of sections 474.-290 and 474.160 merely clarify that fact. Thus, the more precise question is: Was it the purpose, or effect irrespective of purpose, of section 474.160, as originally enacted, to take from the surviving spouse, who had elected to take against the will, the right of homestead allowance unqualifiedly given her under section 474.290?

In his original brief appellant says: "Sec. 474.160, subdivision 2, plainly rules out any claim by the widow to the home-

stead allowance. Its words are: 'When a surviving spouse elects to take against the will he shall be deemed to take by descent, as a modified share.' If the widow were entitled to a homestead allowance, which we deny, she would be entitled to one half the value of the estate, exclusive of exempt property and the allowance under Sec. 474.-260 (family allowance) free from debts and costs. As she takes by descent, she is entitled as an heir to one half the estate, exclusive of exempt property and the allowance under Sec. 474.260 (family allowance), less all claims or debts of the deceased and less the costs of administration. One who takes by descent takes as heir by operation of law subject to the debts of the deceased person." In support of that contention, appellant cites numerous cases, all of which were written prior to the 1955 probate code and none of which mention homestead or shed any light upon the question here presented. It may be conceded that the *distributive share* of the surviving spouse who elects to take against the will under the provisions of section 474.160 was and is limited to the net estate, both prior and subsequent to its amendment in 1957. But, for the reasons hereinafter stated, we think that provision is of no moment in determination of the question presented.

In his reply brief, appellant relies upon section 474.230, which provides:

"When a surviving spouse makes no election to take against the will, he shall receive the benefit of all provisions in his favor in the will, if any, and shall share as heir, in accordance with the provisions of sections 474.010 to 474.030, in any estate undisposed of by the will. By taking under the will or consenting thereto, he does not thereby waive his right to a homestead allowance, to exempt property or to an allowance under section 474.260 unless it clearly appears from the will that the provision therein made for him was intended to be in lieu of such rights or any of them."

His argument, based upon that section, is: "When the General Assembly wanted a surviving spouse to have a homestead' allowance it expressly so stated in Sec. 474.-230 where the surviving spouse did not elect to take against the will. When the General Assembly did not want a surviving spouse to have a homestead allowance, it pointedly omitted the homestead allowance from the allowances to be received by the surviving spouse in Sec. 474.160 where she elected to take against the will." The argument is ingenious, but, we think, not sound. In fact, it has been asserted that if section 474.230 sheds any light whatever upon the intendment of section 474.160, it is unfavorable to the contention made by appellant: "From the language of this section it could be argued that the spouse was meant to receive a homestead allowance when taking against the will. Why else would such a provision as this be necessary to state that the surviving spouse does not *waive* such a homestead estate by taking under the will? For if the legislature felt that without this provision there would be doubt as to the surviving spouse having the homestead allowance in addition to taking under the will, it must have felt and intended that the surviving spouse have the homestead allowance when taking against the will and expressly extended this allowance to a spouse when electing to take under the will also." (Emphasis ours.) Vol. 21, No. 2, Missouri Law Review, Page 165.

The right of homestead is of American origin. Its purpose is to provide shelter and protection for the respective heads of the family and their unmarried minor children beyond the reach of creditors or financial misfortune. It is founded upon public policy in the interest of humanity. 40 C.J.S. Homesteads § 2, p. 431. And statutes creating such right are to be construed with great liberality. Hallauer v. Lackey, 353 Mo. 1244, 188 S.W.2d 30, 33. "It is so elementary as to require no citation of authority that the basic rule of construction of an ordinance or statute is to first seek the lawmakers' intention,

and if possible to effectuate that intention. The law favors constructions which harmonize with reason, and which tend to avoid unjust, absurd, unreasonable or confiscatory results, or oppression." Laclede Gas Co. v. City of St. Louis, 363 Mo. 842, 253 S.W.2d 832, 835.

Section 474.160 (taking against the will) and section 474.230 (taking under the will) unquestionably deal primarily with a marital right entirely separate and distinct from the homestead rights created under section 474.290, viz.: *The distributive share of the surviving spouse* after exempt property and the family allowance have been set aside; and it seems clear that the omission of direct reference to the unconditional right of homestead provided under section 474.290 was mere oversight. The promptness with which the Legislature amended sections 474.290 and 474.160 to clarify the situation definitely supports such conclusion.

█ We cannot believe that the homestead allowance unconditionally given under section 474.290, without any qualification whatever as to whether the estate passes by testacy or intestacy, was meant to be taken away in the event the surviving spouse elected to take against the will. That such a *possibility* was ever intended by the Legislature seems to be refuted by the provisions of section 474.150, subd. 1, as follows:

"Any gift made by a person, whether dying testate or intestate, in fraud of the marital rights of his surviving spouse to share in his estate, shall, at the election of the surviving spouse, be treated as a testamentary disposition and may be recovered from the donee and persons taking from him without adequate consideration and applied to the payment of the spouse's share, as in case of his election to take against the will."

To construe sections 474.230 and 474.160 as contended by appellant would enable a testator, by the simple device of making a nominal bequest to his surviving spouse, to deprive such spouse of one or the other of two distinct marital rights by forcing such spouse either (1) to elect to take against the will and lose the right of homestead or (2) to elect to take under the will and lose the right of any substantial distributive share in the net estate.

We think the conclusion inescapable that when the statutes hereinabove set forth are considered as component parts of one code, the right of homestead provided and appreciably broadened in scope under section 474.290 was intended to be preserved in its traditional integrity. Consequently, we hold that the homestead allowance made to respondent was in no wise affected by her election to take against the will, except, of course, that such allowance is to be offset against the share to which respondent is entitled as a distributee of the estate, as it was, in effect, provided under section 474.290 prior to its amendment in 1957 and is now expressly provided in section 474.-160, as amended in 1957.

Respondent concedes that appellant's final contention that the court erred in requiring respondent to pay to the estate the sum of $219.40 instead of $438.80, the latter amount being the correct differential between the value of the homestead allowance and the one-half value of the estate, should be sustained, and agrees that the judgment of the trial court should be so modified, and that, upon modification, such sum will be paid into the court registry for the use and benefit of the estate.

The judgment is ordered modified to the extent above stated and, when so modified and said sum of $438.80 is paid into the court registry for the purpose aforesaid, the judgment as modified is affirmed.

All concur.