**TRIO MOBILE HOME PARK, INC., a Corporation, Triple B Trailer Court, Inc., Marquette Mobile Village, Inc. and George Schlarmann, d/b/a Cactus Trailer Sales, Plaintiffs-Appellants,**

v.

**The CITY OF ST. CHARLES, a Municipal Corporation, Defendant-Respondent.**

No. 31797.

St. Louis Court of Appeals.

Missouri.

March 16, 1965.

Motion for Rehearing or to Transfer to Supreme Court Denied April 12, 1965.

Application to Transfer Denied June 14, 1965.

Carleno & Nick, Ray Carleno, Ferguson, H. K. Stumberg, St. Charles, for plaintiffs-appellants.

Ervin D. Davis, St. Charles, for defendant-respondent.

BRADY, Commissioner.

This case has recently come to the writer upon reassignment. The appellants brought this action in two counts seeking by Count I to enjoin the respondent from enforcing an alleged illegal schedule of water rates and also praying for an accounting for all sums of money paid by appellants as a result of the alleged illegal schedule. Count

II requested a declaratory judgment as to the application of certain statutes and as to the authority of the Public Service Commission of this state over the respondent's water works. The appellants also filed a "Supplemental Petition" wherein they alleged the respondent's Board of Public Works was threatening to impose another rate classification similar to the one which appellants attack in Count I and praying that the trial court declare this proposed classification illegal. The trial court refused to rule upon such a threatened action and no allegation of prejudicial error being stated as to that action or that involves Count II of the petition those matters pass from this appeal and will not be considered herein. The trial court did deny the appellants the relief they prayed in Count I and that action is the sole subject of this appeal. The parties will hereafter be referred to by their designation in the trial court.

Before passing upon the merits of the issue here presented, we are confronted with the defendant's motion to dismiss the appeal. We took this motion with this appeal when it was submitted. Defendant bases its motion upon alleged violations of Civil Rule 83.05, V.A.M.R., in that the plaintiffs' brief is in violation of the rule in three particulars: that the statement of facts is alleged to be argumentative and neither fair nor concise; that the points relied upon are not properly stated so as to state what action or ruling the plaintiffs seek to have reversed and why that ruling was erroneously made; and that the argument fails to substantially follow the order of the points relied upon. There is no need to burden this opinion with a discussion of what the rule requires. At this late date that is too well understood by those who desire to comply. The plaintiffs' brief is far from a model of obedience to our plainly stated rules, yet we cannot say that its deficiencies are such that require us to dismiss this appeal. The motion should be overruled.

The plaintiffs' brief first alleges the trial court erred in denying their motion for summary judgment. However, the statement of the alleged error is the only mention of that contention until the closing paragraphs of the brief when the statement is repeated. There is no argument in the brief on the point. The statute providing for summary judgment is not even cited under the "points relied on" portion of the brief. There is no explanation or recitation of facts that bear specifically upon that issue other than the statement that plaintiffs are entitled to a summary judgment as prayed for in the petition. The brief is entirely silent as to the basis on which plaintiffs would support this allegation of error. In fact the plaintiffs' brief opens with the statement that "In this appeal the plaintiffs present only one point for the Court to decide, and that is, the rate change was illegal in that it was not approved by the City Council as required by the City Ordinance." It is well settled that assignments of error made without discussion or citation of authority or suggestion of ground, reason, principle, or theory relied on in support thereof are treated as abandoned. Civil Rule 83.05, n. 178, V.A.M.R. We hold that the plaintiffs have abandoned any contention with regard to the trial court's action in denying their motion for summary judgment.

We pass now to the merits of this appeal. The defendant's Board of Public Works took the following action on February 2, 1961: "On a motion duly made by Herbert J. Ochs and seconded by John V. Lammers and unanimously approved, that effective February 15th and March 1st, 1961 all trailer courts be billed through each rate step a number of times equal to the number of trailers served." The city council did not approve this action by resolution or by any other method.

It was pleaded and admitted that St. Charles was a city of the third class. Section 91.540, RSMo 1959, V.A.M.S., is ap-

plicable to cities of the third class and provides: "The assessment and collection of rates for water * * * or for the product or service of any other plant or works which any such city, town or village may own or operate, shall be under the control and supervision of the board of public works, when such board has been established as herein provided, subject to the ordinances of such city, town or village."

In its pertinent parts Ordinance No. 1655 of the City of St. Charles creating "the Board of Public Works" provides: "Section 4. Said Board of Public Works shall have the management and control of the Municipal Water Plant of the City of St. Charles and the assessment of water rates. * * * Section 14. All contracts and official acts of the Board of Public Works shall be signed by the President, or by two members of the Board and attested under the hand of the Secretary, and approved by the City Council. Section 15. Said Board shall have the power to fix the rates for water services and enter into contract for water services, provided, that no contract will be entered into for a longer period than one year, unless the same be approved by the City Council." There is no contention that the rate change was unreasonable nor that the ordinance was defective. The issue before this court is whether the rate change ordered by the Board of Public Works was "illegal" as alleged in the petition for the assigned reason that the action of the board was not approved by the city council. The plaintiffs' position is that by passing the motion of February 2, 1961, the Board of Public Works was performing an official act and therefore as provided by Section 14 of the ordinance the approval of the city council was required. We agree that the action of the board was an official act, but we cannot agree that the approval of the city council was required.

██ It is elementary that our duty is to seek the intention of the legislative body, here the city council, and, if possible, to effectuate that intention. We are to favor a construction which harmonizes with reason and which avoids an unjust, absurd, unreasonable or oppressive result. Owen v. Riffie, Mo., 323 S.W.2d 765. If possible, each section of the ordinance should be given a construction in harmony with the rest of the ordinance for it would be absurd to say that the city council intended to enact an ordinance containing contradictory and mutually destructive provisions. Section 4 of the ordinance provides that the board shall have the management and control of the city water plant and " * * * the assessment of water rates." It is to be noted that Section 14 does not specifically refer to rates or to contracts for water services but concerns itself with contracts and "official acts." Section 15 expressly provides that: "Said Board shall have the power to fix the rates for water services * * *." The only reasonable construction of this ordinance is that Section 14 thereof requires approval of the city council only where the express power to act is not specifically given to the Board of Public Works by the other sections of the ordinance. Had the council otherwise intended, it would not have specifically provided in Section 15 for the board to have the power to fix the rates and neither would it have given the management and control of the municipal water plant into the hands of the board as provided in Section 4. Since an official act is "One done by an officer in his official capacity under color and by virtue of his office," Black's Law Dictionary, Fourth Edition, it is evident that almost any act by the board within its powers would be an official act. Certainly, any decisions taken by the Board of Public Works with regard to the "management and control" of the water plant and "the assessment of water rates" as the board is entitled to do by Section 4, would be an official act as would the power to fix the rates provided in Section 15. Yet there is no provision in the ordinance requiring those official acts which would need to be done to carry out the provisions of

Section 4 of the ordinance be approved by the city council. By accepting plaintiffs' argument we would in effect be holding that by the adoption of this ordinance the city council never intended to give to the Board of Public Works those powers which are plainly stated; i. e., the management and control of the water plant and the assessment of water rates as provided in Section 4 and the power to fix the rates as provided by Section 15. We would be holding that the council intended to require the board to secure its approval before taking any official act. The adoption of the plaintiffs' argument would not only hold for naught the plainly written language of Section 15 in granting the board power to fix the rates for water services but would in fact render the adoption of the ordinance a useless act. The management and control of the water works and the assessment of water rates would not then be in the Board of Public Works, an executive department of the defendant, as the ordinance by its title and in Sections 1 and 4 thereof plainly provides, but the management and control of the water plant and the assessment of water rates would remain in the city council, as they would be required to approve any "official act"; i. e., any act by the board done under color or by virtue of its office. The plainly stated purpose of the ordinance would be completely negated. Under such a contention the ordinance would be useless and that certainly was not the intention of the council. The judgment should be affirmed. The Commissioner so recommends.

PER CURIAM.

The foregoing opinion of BRADY, C., is adopted as the opinion of this court. The judgment is affirmed.

RUDDY, P. J., and WOLFE and ANDERSON, JJ., concur.