**In the Matter of Richard John VAN WINKLE, Bankrupt.**

**No. 68B-1150.**

United States District Court
E. D. Missouri, E. D.

Feb. 26, 1969.

Herbert I. Fredman, Overland, Mo., for bankrupt.

Curtis L. Mann, Clayton, Mo., trustee.

HARPER, Chief Judge.

The memorandum of the Referee in Bankruptcy is adopted as a memorandum of the Court.

## MEMORANDUM OPINION

Bankrupt, Richard John Van Winkle, filed his petition on June 11, 1968. He was divorced from his wife, Donna Jean Van Winkle, on May 13, 1968. Under the decree of divorce, bankrupt's wife was given custody of their five children, all of whom were residing with their mother at date of bankruptcy. No issue is made that bankrupt had any other dependents residing with him at date of filing his petition.

First meeting of creditors was held on July 2, 1968 and a trustee appointed by the Referee at the conclusion of this hearing. On July 22, 1968, the trustee filed his report of exempt property wherein he set apart as exempt Wearing Apparel of the estimated value of $100.-00 to bankrupt, under the provisions of Section 513.430 RSMo, which relates to one not the head of a family. On August 1, 1968, within the allowable time, bankrupt filed exceptions to trustee's report of exempt property, contending that he was head of a family and the sole support of his wife and five children, so that he was entitled to the exemptions authorized by Sections 513.435 and 513.-440 V.A.M.S., and Section 376.560 V.A.M.S. Further that a joint tax refund of $148.62 received after bankruptcy was jointly owned by him and his former wife, and that no more than one-half of this check is his property.

On September 12, 1968, the hearing on bankrupt's objections was continued to October 1, 1968, at which latter time testimony was adduced by bankrupt in support of his objections. Bankrupt testified that as part of the divorce decree entered on May 13, 1968, he was ordered to pay $95.00 per month support to each of his five children, and $1.00 per year alimony to his wife; that his wife was granted custody of the children; that at date of bankruptcy he was current on his support payments; that at date of filing his petition, he was renting a room at 2195 Buttercup, Florissant, Missouri, and that no one was residing with him at that address who was dependent upon him for support; that four of his five children reside with his former wife, and one child resides at the German St. Vincent Orphan Home, located at 7401 Florissant Road in Normandy, Missouri; that this child has been in this home for approximately one year, and that bankrupt does not make payments directly to the home for his upkeep.

Bankrupt further testified that he had remarried in September, 1968. He is employed as a drug salesman for Fort Dodge Laboratories, Fort Dodge, Iowa, where his average net monthly earnings during the first 5 months of 1968 was approximately $700.00. Bankrupt had separated from his former wife in September, 1967. From that time until the date of filing bankruptcy, he stated that he had provided support for his family, and that none of his children were employed. Between the date of separation and the date of the divorce, he did not know the precise amount he had paid in support money, but stated that after entry of the divorce decree in May, 1968, until date of filing his petition in bankruptcy (June 11, 1968) he thought that he had paid $425.00 each month in child support.

Bankrupt's former wife, Donna Jean Van Winkle, also testified. She stated that she had worked from September, 1967 to June, 1968 at Du-Shay's Tastee Barbecue Pit, 4295 Gas Light Square,

but that she had received no wages or compensation for her services during this period. Her explanation for this state of affairs was that she was working as a form of therapy. Between June 11, 1968 and October 1, 1968, she was paid $55.00 for her work at this barbecue pit. The only other money she received during the period after May 1, 1968 was support money for the children, which bankrupt forwarded. She estimated that between September, 1967 (date of separation) and the divorce in May, 1968, she received approximately $400.00 each month from bankrupt to support the children, and that this was the only source of income during this period.

At the hearing on October 1, 1968, bankrupt's attorney likewise presented a sworn petition to intervene on behalf of Donna Jean Van Winkle, which reads as follows: "Comes now Donna Jean Van Winkle, former spouse of Bankrupt and files objections to the trustee's report of exempt property and further: claims exemptions in the property listed in petitioner's schedule B–5 for the benefit of herself and the children of the bankrupt and herself." Trustee objected to the filing of the petition of intervenor, and the Referee indicated that he would rule on this matter with the objections.

### LAW

■ Our District Court has had occasion in In re Murray, 284 F.Supp. 173 to rule upon the right of a divorced bankrupt father to claim head of family exemption, where he provided support for minor children living apart with their mother, who had custody under the decree of divorce. The Referee had held in the Murray case that under the definitions of "head" and of "family", as given to us by such Missouri cases as Duncan v. Frank (1880) 8 Mo.App. 286, 289; State v. Haney, 277 S.W.2d l. c. 632, 636, 55 A.L.R.2d 717; Ridenour-Baker Gro. Co. v. Monroe (1897) 142 Mo. 165, 43 S.W. 633, 634, the divorced father is not the head of a family, where he does not live at bankruptcy with the

child or children to whose support he contributes. Moreover, where the former wife has custody of the child or children, the mother has been recognized as the head of a family, the family unit in such instance consisting of herself and the minor child/children living with her. State v. Slater (1856) 22 Mo. 464; see also the annotations in 67 A.L.R. (2d) 779 (Sec. 5(b), at page 795), and in 75 A.L.R. 1254 (Sec. VI, at page 1267), 90 A.L.R. 358, and 128 A.L.R. 1422. The Memorandum Opinion of Judge Meredith affirming this order of the Referee is binding upon the Court in the instant matter and accordingly we hold that bankrupt is not entitled to exemptions provided by the Missouri Statutes to one who is "head of a family."

■ The issue relating to the joint income tax refund is not properly before the Court on exceptions filed to trustee's report of exempt property, and at this time we do not venture an opinion in this matter. At such time as the trustee seeks by turn-over order or judgment to secure the tax refund for the estate, inquiry may be made regarding ownership of this money. There is no evidence before the Court at this time regarding employment by bankrupt's former wife prior to September 1967, or whether any portion of the taxable income to which this refund relates was earned or otherwise contributed by the wife in that year.

■ Finally, the petition of bankrupt's wife to intervene to claim exemptions in property listed in the husband's schedules will be refused, and an order entered striking said proposed petition from the record in this proceeding. In this connection, the general rule provides that exemption rights are personal to the debtor, and he cannot be forced to claim then and no other person may claim them in his stead. Collier, Volume I, Sec. 609, page 827; Pugh v. St. Louis Police Relief Association, 237 Mo.App. 922, 179 S.W.2d 927, l. c. 936. An exception to this rule is provided by Section 513.450 V.A.M.S. which authorizes the wife to claim exemptions where a

husband "has absconded or absented himself from his place of abode." Obviously this section will not support intervention where at date of filing the bankruptcy petition, the marital relationship has already been terminated by decree of divorce. Section 451.290 V.A. M.S. provides that "a married woman may invoke all exemptions and homestead laws now or hereafter in force for the protection of personal and real property owned by the head of a family, except in cases where the husband has claimed such exemption and homestead rights for the protection of his own property." This section likewise does not support the intervening petition, since in addition to the requirement of a continuing marital status, the proviso has been construed as extending to a married woman the right to claim exemptions only in her own separate property. Hallauer v. Lackey, 353 Mo. 1244, 188 S.W.2d 30.

In a law review commentary contained in 24 Washington University Law Quarterly 135 (Dec.1938), referred to in 24 V.A.M.S. following Section 451.290, it is stated:

> "Under the Married Woman's Act the wife may invoke all exemptions in force for the head of a family except where the husband has made such claim for the protection of his own property. This right in the wife is limited to property owned by the wife and does not include that owned by the husband. Construed with the homestead statute, the Married Woman's Act is regarded as an enabling statute removing the disability of the wife to claim exemptions in her own property while the husband is alive and refuses to claim, and she may still under the Homestead Law, claim exemptions in her husband's property when he dies or absconds."

There is no other Missouri Statute which would permit bankrupt's wife to claim exemptions in her former husband's property, as has been attempted in the instant case, and as heretofore indicated, the petition to intervene will accordingly be refused. Bankrupt's objections to trustee's report of exempt property will be denied by a separate order entered contemporaneously herewith.

No Findings of Fact or Conclusions of Law other than as contained in the instant Memorandum will be made.

Dated at St. Louis, this 27th day of December, 1968.

(s)  John J. Shanahan
                Referee in Bankruptcy