In the Interest of Lorie Diane RAY and Larry Steven Ray, Infants.

A. Warren VAN METER and Lorene Van Meter, Respondents,

v.

Larry Gene RAY, Appellant.

No. WD 31296.

Missouri Court of Appeals, Western District.

Aug. 4, 1980.

Kranitz & Kranitz, P.C., St. Joseph, for appellant.

Shoemaker, Summers & Combs, St. Joseph, for respondents.

Before CLARK, P. J., and DIXON and SOMERVILLE, JJ.

SOMERVILLE, Judge.

Pursuant to Section 452.402, RSMo 1978, the maternal grandparents of two minors filed a petition in the Juvenile Division of the Circuit Court of Buchanan County seeking reasonable visitation rights with their grandchildren.

The maternal grandparents alleged in their petition, inter alia, that the mother of the minor children was dead, that the minor children were in the custody of their father, that he had denied them reasonable visitation rights with their grandchildren, and that granting them reasonable visitation rights would be in the best interests of the minor children and would not impair their physical health or emotional development. The father bitterly resisted the maternal grandparents' petition and the court appointed a guardian ad litem to represent the minor children.

Following an evidentiary hearing, fully participated in by the maternal grandparents and the father, all of whom were represented by counsel, and by the guardian ad litem who was an attorney, the court found the issues in favor of the maternal grandparents and entered an order granting them reasonable visitation rights with their grandchildren. The court also allowed the guardian ad litem a fee of $100.00 which was taxed as part of the costs assessed against the father.

The father claims on appeal that (1) the maternal grandparents' petition did not properly invoke the statutory jurisdiction of the juvenile court, and that a "preliminary" inquiry in conformity with Chapter 211 of the Revised Statutes of Missouri, to which reference is made in Section 452.402, *supra*, was never held, that (2) the order of the court was against the weight of the evidence in that he had not denied the maternal grandparents reasonable visitation rights with the minor children, and that (3) the juvenile court lacked statutory authority to tax the guardian ad litem's fee as part of the costs assessed against him.

The father premises his first point on certain isolated portions of Section 452.402, *supra*.

■ Reference is first made by the father to that portion of Section 452.402, *supra*, which reads as follows: "the grandparent may petition the juvenile court of the county where the child resides to inquire into the refusal of the surviving parent to allow reasonable visitation." According to the father, the maternal grandparents' petition failed to invoke the jurisdiction of the juvenile court because its formal prayer asked for reasonable visitation rights with the minor children rather than an "inquiry" into "the refusal of the surviving parent to allow reasonable visitation". This argument is a hypertechnical play upon words. When the petition is read in its entirety, as it must be, its intendment is clear and free of doubt and, notwithstanding the father's semantically oriented argument, properly invoked the statutory jurisdiction of the juvenile court.

■ Reference is next made by the father to that portion of Section 452.402, *supra*, which reads as follows: "The court shall take jurisdiction over the child and hold a hearing under the same procedure as a hearing under chapter 211, RSMo, to determine if the visitation by the grandparent would be in the child's best interests or if it would endanger the child's physical health or impair his emotional development." The father, by unwarranted extrapolation, insists that the language "hold a hearing under the same procedure as a hearing under chapter 211, RSMo," required a "preliminary" inquiry by the juvenile court by reason of Section 211.081, RSMo 1978, before the maternal grandparents' petition would lie. Section 211.081, *supra*, exclusively refers to juvenile matters "within the purview of applicable provisions of 211.031". Section 452.402, *supra*, vests juvenile courts with jurisdiction over an entirely new and different subject matter which is beyond the purview of Section 211.031, RSMo 1978. *Barry v. Barrale*, 598 S.W.2d 574 (1980). Recognition of this fact leaves no doubt that the statutory reference contained in Section 452.402, *supra*, to "a hearing under the same procedure as a hearing under

chapter 211, RSMo" refers solely to Section 211.171, RSMo 1978, captioned "Hearing Procedure", which prescribes generally the hearing procedure to be followed by juvenile courts. Moreover, the fact that Section 452.402, *supra*, specifically empowers grandparents to initiate petitions in the juvenile court to obtain reasonable visitation rights with their grandchildren rejects the father's strained argument that a "preliminary" inquiry was required before the maternal grandparents' petition would lie. To burden petitioning grandparents with a bifurcated hearing procedure would be unreasonable and no legislative intent to do so can be gleaned from Section 452.402, *supra*, under the guise of statutory construction. The law favors a construction of statutes which harmonizes with reason and which tends to avert unreasonable and absurd results. *State ex rel. Stern Bros. & Co. v. Stilley*, 337 S.W.2d 934, 939 (Mo.1960); and *Owen v. Riffie*, 323 S.W.2d 765, 770 (Mo. 1959). It is clear that the legislature intended to provide a simple, expeditious procedure for grandparents to seek and petition courts to determine reasonable visitation rights with grandchildren pursuant to the provisions of Section 452.402, *supra*. The father's purported construction of the applicable statutes is rejected.

■ The father urges that the order granting reasonable visitation rights to the grandparents should be reversed because one of the basic findings upon which it rested, i. e., that he had refused to grant reasonable visitation rights to the grandparents, was against the weight of the evidence. Suffice it to say, a review of the evidence in accordance with the mandate laid down in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976), forecloses reversal on the ground that the order was against the weight of the evidence.

■ The father's objection to the fee allowed to the guardian ad litem being taxed as part of the costs assessed against him is well taken. As noted in *McClue v. Epsten*, 492 S.W.2d 97, 98 (Mo.App.1973), citing numerous cases, "no item is taxable as costs unless specifically so provided by statute". No statutory authority exists to tax fees allowed to guardians ad litem as costs. However, this does not lay the matter completely at rest or preclude further inquiry. The matter of fixing responsibility and providing a means of payment for services rendered by guardians ad litem appointed to safeguard the interests of minor children in an increasing variety of cases, where the minor children are not parties but their welfare and physical and emotional well-being are of paramount consideration, is a recurring problem. It is hoped the legislature will soon see fit to specifically address this problem in the context of court costs. The wisdom of appointing guardians ad litem to protect the welfare and interests of minor children who are helpless pawns in various types of litigation cannot be doubted, and the fairness of compensating guardians ad litem appointed to safeguard the welfare and interests of such minor children cannot be questioned. Until the legislature responds, justice demands that courts resort to their inherent power to meet this problem. Judicial recognition of inherent power to do so is found in *Tracy v. Martin*, 363 Mo. 108, 113, 249 S.W.2d 321, 323 (banc 1952), which held, citing *Jones v. Yore*, 142 Mo. 38, 47–48, 43 S.W. 384, 387 (1897), "[that] the power and authority to allow [a] guardian ad litem compensation for his services [is] implied from power to appoint, as one of the court's inherent powers." As expressed in *Regan v. Looney*, 377 S.W.2d 273, 276 (Mo.1964), "[w]hile there is no general statutory authority for fees to guardians ad litem, the duty of the court to appoint necessarily implies the obligation to pay and the power of the court to fix reasonable compensation." The juvenile judge who heard this case was acutely aware of a pervasive antagonism between the father and the maternal grandparents, and possessed of that knowledge wisely saw fit to appoint a guardian ad litem to safeguard the welfare of the minor children who, through no choice of their own, were innocent subjects of this litigation. The trial judge's wisdom in doing so has not been assailed. Moreover, the father has not questioned the reasonableness of the fee

allowed the guardian ad litem or of imposing the incidence of payment upon him except on the narrow ground that it was improperly taxed as costs. Although the fee allowed the guardian ad litem cannot be properly taxed as costs, the juvenile court had inherent authority to grant the fee in the form of and with all the incidents of a judgment in favor of the guardian ad litem and against the father.

The order of the juvenile court is affirmed regarding that portion which grants to and spells out the maternal grandparents' visitation rights with the minor children; however, that portion of the order of the juvenile court taxing the fee allowed the guardian ad litem as part of the costs assessed against the father is reversed, and the cause is remanded to the juvenile court with instructions to amend its order by providing that the fee allowed the guardian ad litem in the sum and amount of $100.00 be in the form of and possess all the incidents of a judgment in favor of the guardian ad litem and against the father.

Affirmed in part, reversed in part, and remanded to the juvenile court with instructions.

All concur.