In the Matter of A___ F___, A Minor Child.

D___ S___ and V___ S___, Petitioners–Appellants,

v.

B___ F___ O___, Respondent–Respondent.

No. 15763.

Missouri Court of Appeals, Southern District, Division Two.

Nov. 23, 1988.

James K. Justus, Forsyth, for petitioners-appellants.

No appearance for respondent-respondent.

PREWITT, Judge.

Appellants, the parents of respondent, sought visitation with their ten-year-old granddaughter, the child of respondent, under § 452.402, RSMo 1986.[1] The child's father died in a truck collision in 1979. Thereafter, respondent and the child lived in Ozark County with appellants for approximately two years. Respondent then built a house near appellants' house where she lived with the child and then later also lived there with her present husband. After appellants' petition was filed, respondent, respondent's husband, and the child moved to and now live in Harrison, Arkansas.

The trial court denied appellants' request for visitation, finding that § 452.402, RSMo 1986, was "not applicable to this factual situation." The findings and judgment of the court are set out below.[2]

Section 452.402, RSMo 1986 states in part as relevant here:

Whenever one parent of a child is deceased and the surviving parent denies reasonable visitation rights to a maternal or paternal grandparent of the child, ... the grandparent ... may petition the juvenile court of the county where the child resides to inquire into the refusal of the surviving ... parent to allow reasonable visitation.[3]

The trial court apparently found that the statute was not applicable because the death of the father of the child "was not the precipitating factor" causing the denial of visitation or because the grandparents seeking visitation were not the parents of the deceased father. Appellants' brief cites no case in point and respondent has not filed a brief or otherwise appeared.

Nor have we found any cases directly in point. Apparently Missouri courts have only interpreted the statute when the grandparents involved were the parents of a deceased parent. See *Sadowski v. Brewer*, 693 S.W.2d 891 (Mo.App.1985); *In Interest of Ray*, 602 S.W.2d 955 (Mo.App. 1980); *Barry v. Barrale*, 598 S.W.2d 574 (Mo.App.1980).

■ By § 452.402 the legislature intended to provide a simple, expeditious procedure for grandparents to seek and petition the court to determine reasonable visitation rights. *In Interest of Ray*, 602 S.W.2d at

---

1. Since amended, see HB 1272, 1273, & 1274 (4 Vernon's Mo.Leg.Serv. 558–559, Aug. 1988).

2. The Court, having taken the matter under advisement on 4/22/88, makes the following findings:
   1. At the time the petition was filed, D___ F___, father of A___, had been deceased for 7 years.
   2. D___ F___'s death in 1979 was not the precipitating factor in B___ (F___) O___ denying her parents, the Petitioners the right to visit their granddaughter, the subject of this action. Rather, the surviving parent's (B___ O___) relationship with her present husband, R___ O___ is the precipitating factor in this case.
   3. Re: The best Interests of the Child. If the statute was applicable, the Court makes a specific finding that D___ and V___ S___ would never harm their granddaughter, A___; and even though it might be stressful at first for A___ because of the strained relationship between B___ O___ and her parents; it would definitely be in A___ F___'s best interest to have some contact and limited visitation with her Grandparents, the Petitioners.

CONCLUSION:
However, the Court regretfully finds that Sec. 452.402, RSMo is not applicable to this factual situation. Although the Court is of the personal opinion that a child should always have access and visitation with Grandparents to complete a healthy upbringing; there is at this time no law in Missouri which compels or allows the government to interfere with this family relationship—or lack of one.
THEREFORE, Respondent's Motion to Dismiss or for Directed Verdict at close of all of the evidence is sustained. Costs assessed against Petitioners, although Respondent bears her own legal & Court costs, if any.

3. The statute has since been amended, see supra note 1. Other states with statutes providing for grandparent visitation include: Ark.Stat.Ann. § 9–13–103 (1987 Supp.); Kan.Stat.Ann. § 38–129 (1986); Ky.Rev.Stat.Ann. § 405.021 (Michie/Bobbs-Merrill 1984); La.Rev.Stat.Ann. § 9:572 (1975); Okla.Stat.Ann.Tit. 10 § 5 (West 1987); Tenn. Code Ann. § 36–6–301(a) (1984 & Supp.1988); Vernon's Texas Code Ann. Family Code art. 14.03(e)(6) (Vernon 1987 Supp.).

958. By the terms of the statute, the court has wide latitude in ordering grandparent visitation and in tailoring orders for enforcement of its decree. *Barry*, supra 598 S.W.2d at 581. Generally, on grandparents' visitation rights, see Annot. Grandparents' Visitation Rights 90 A.L.R.3d 222 (1979).

 In construing a statute, the legislative intent is to be determined from the language used in the statute and words are to be considered in their plain and ordinary meaning. *State v. Adkins*, 678 S.W.2d 855, 859 (Mo.App.1984); *Benham v. Cox*, 677 S.W.2d 429, 431 (Mo.App.1984). When the statute "admits of no exception ... the Court should not engraft one by judicial legislation." *Poling v. Moitra*, 717 S.W.2d 520, 522 (Mo. banc 1986).

Of course, the law favors a construction of statutes which tend to avert unreasonable and absurd results, *Ray*, supra 602 S.W.2d at 958, but we cannot say that the result appellants seek is unreasonable. What does seem unusual is that relief might be granted here under former § 452.402 because a spouse is dead, which might not have been granted if both spouses were alive. However, we need not consider the latter circumstances as we are limited to this factual situation and it appears that the 1988 amendment may have, at least in part, provided for visitation to grandparents when both spouses are alive. As amended § 452.402.1(3) appears to provide for visitation without regard to the death of either or both spouses when a grandparent is unreasonably denied visitation for a period exceeding 90 days.[4]

In originally enacting § 452.402 the legislature might have contemplated situations where, after the death of their child, grandparents were denied visitation of their grandchild by the surviving spouse. This may be the circumstance where denial of visitation would be more frequent than this case, where visitation is denied by the grandparents' child. However, the section was not so limited. By its literal language § 452.402 either as previously enacted or in its present form would apply here. We apply it as written and hold that appellants may be entitled to the relief requested under it.

The judgment is reversed and the cause remanded for proceedings consistent with this opinion.

FLANIGAN, P.J., and MAUS, J., concur.

HOGAN, J., not participating.

---

4. As we believe that appellants' request for relief is within the statute both as originally adopted and as amended, we need not consider whether the 1988 amendment is to be given retroactive effect. See *Dripps v. Dripps*, 366 So.2d 544 (La.1978).