IN THE MATTER OF PHI FATHERS EDUCATIONAL ASSOCIATION.—
203 S. W. (2d) 885.

St. Louis Court of Appeals. Opinion filed June 17, 1947.

1106

*Louis E. Miller, Miller & Landau, B. Sherman Landau* for appellants.

*Harry S. Gleick,* Pro Se, Respondent, *Gleick & Strauss* of Counsel.

BENNICK, C.—This is an appeal from the order of the Circuit Court of the City of St. Louis overruling a motion to quash an execution issued upon an order allowing a fee of $200 to an *amicus curiae* appointed by the court to examine a petition for the incorporation of an educational association, and directing that the allowance to the *amicus curiae* be taxed as costs against the four petitioners who instituted the proceeding.

The four petitioners were, respectively, the president, the vice-president, the secretary, and the treasurer of the proposed corporation.

According to the artices of agreement, the objects and purposes of the association were to provide housing facilities for students of Washington University; to encourage and assist students in obtaining the benefits of higher education; to contribute financial aid to students who would otherwise be unable to attend the university; and to provide the physical necessities whereby ambitious and moral students might have the advantage of association and mutual co-operation while obtaining a college education.

Upon the institution of the proceedings, the court appointed Honorable HARRY S. GLEICK of the local bar as *amicus curiae*, and in due time Mr. GLEICK filed his report recommending that the prayer of the petition be granted. He further suggested that the court make him a reasonable allowance for his services as *amicus curiae*, the same to be taxed as costs.

Approving the report, the court granted the petition for the *pro forma* decree, and thereupon entered an order allowing the *amicus curiae* the sum of $200 for his services, with such sum to be taxed as costs against the petitioners.

Thereafter the *amicus curiae* filed his application for an execution to issue against the petitioners to satisfy the allowance which had been taxed against them. Execution was issued and delivered to the Sheriff of Cole County, who summoned the Massachusetts Mutual Life Insurance Company as garnishee.

In due time the petitioners filed their motion to quash the execution assigning as the ground therefor that they had only appeared in court

in their representative capacities as officers of the association, and that the order purporting to tax the particular item of costs against them individually was null and void and of no effect.

The motion to quash was overruled, whereupon the petitioners gave notice of appeal, and by proper steps have caused the matter to be transferred to this court for our review.

The questions presented on this appeal are whether the court had the power to make an allowance to the *amicus curiae,* and, if so, whether it was proper to charge the allowance against the four petitioners.

The statute provides that whenever the judge to whom a petition for a *pro forma* decree is presented shall entertain any doubt as to the lawfulness or public usefulness of the proposed corporation, it shall be his duty to appoint some competent attorney as a friend of the court, whose duty it shall be to examine the petition and show cause, if any there be, why the prayer of the petition should not be granted. Sec. 5437, Revised Statutes Missouri 1939, (Mo. R. S. A., sec. 5437).

While it is true that the statute makes no express provision for compensation, the power conferred for the appointment of an *amicus curiae* necessarily implies the power to award him reasonable compensation for the services he renders. It could not have been intended that the duties imposed by an appointment under the statute were to be gratuitously performed. There are many instances where a court, lacking express authority, is nevertheless regarded as having inherent or implied authority to award compensation for services necessary to the determination of a cause; and the rule has been recognized as properly extending to one appointed to serve as *amicus curiae.* In re The St. Louis Institute of Christian Science, 27 Mo. App. 633; 3 C. J. S., Amicus Curiae, sec. 4; 2 Am. Jur., Amicus Curiae, sec 8.

There is obviously a vast difference between services which an attorney may render in the ordinary capacity of *amicus curiae,* and those which he may be called upon to perform as the court's representative in upholding its dignity and authority. In the latter instance he performs a duty which is imposed upon him by virtue of his status as an officer of the court, and which grows out of his relation to the court and to the public. Where the dignity and authority of the court have been assailed, it is not only his duty but his privilege to rise to its defense; and in accepting the honor of representing the court, he is not entitled to compensation for the services he performs. State ex rel. v. Becker, 351 Mo. 769, 174 S. W. (2d) 181. Not so, however, where he is appointed by the court to perform certain labors and examinations which may be necessary in order to assist the court in reaching a proper conclusion with respect to some private litigation which is pending before it. In such a case the public interest is in nowise involved; and even though the attorney serves in

an official capacity, he nevertheless has the right to be awarded compensation to be paid by the party litigant responsible for the situation that prompted the court to make the appointment.

It is to be kept in mind that in sustaining the right to compensation, we are speaking only of an *amicus curiae* in the sense in which Mr. GLEICK served in the case at bar, that is, as one appointed by the court itself to aid and advise the court in a case pending before it with respect to material matters about which the court is in doubt. What we have said has no reference to one who, while formally purporting to act as a friend of the court which grants him leave to appear and be heard, is actually representing a private client with a personal interest in the ultimate result which is reached. Such a person, while denominated an *amicus curiae*, actually occupies a position more nearly akin to that of an intervener except that he does not become a party to the proceeding so as to be bound by the judgment which is rendered therein. Nor even where he is appointed to aid and assist the court will an *amicus curiae* be entitled to compensation if the purpose of his appointment is to vindicate the court's honor, as, for instance, where he is called upon to investigate whether fraud has been practiced upon the court. Universal Oil Products Co. v. Root Refining Co., 328 U. S. 575, 66 S. Ct. 1176, 90 L. Ed. 1447. We have already pointed out that compensation is not the normal reward for an attorney who renders such character of service to the court; and in such a situation, where he acts in the public interest, he falls in the same category as one who is appointed to represent the court in the prosecution of a contempt proceeding. State ex rel. v. Becker, *supra*. But if, as in the present case, the dignity and authority of the court are not involved, and the only purpose of his appointment is to advise the court in connection with some private litigation already pending, it is not to be supposed that his labor is to be performed without remuneration, but instead the court should make him a reasonable allowance for his services, and charge the same against the party who instituted the proceeding that made his appointment necessary for the information of the court. In re The St. Louis Institute of Christian Science, *supra*.

The only remaining question is whether it was proper to tax the amount of the allowance as costs against the four petitioners so as to subject them to a personal liability therefor.

In urging the invalidity of the order taxing the allowance against them, the petitioners argue that they did not appear in court as individuals, but only in their representative capacities as officers of the association. They contend, therefore, that they cannot be held personally liable for any of the costs incurred in maintaining the proceeding, and that the order taxing the particular item against them was void and of no effect. Being primarily concerned with the avoidance of any personal liability, they do not make it clear how the

costs would be collected in the event their view should prevail, but merely insists that the costs should be a charge against the body they represent.

The procedure to be followed in the incorporation of an educational or other similar association is purely statutory, being set forth in Sections 5436, 5437, Revised Statutes Missouri 1939, (Mo. R. S. A., secs. 5436, 5437).

Section 5436 provides that any number of persons, not less than three, who shall have associated themselves by articles of agreement in writing as a society, company, association, or organization formed for benevolent, religious, scientific, fraternal-beneficial, or educational purposes, may be consolidated and united into a corporation.

Section 5437 provides that the persons holding the offices respectively of president, secretary, and treasurer of the association, or other chief officers by whatever name they may be known, shall submit to the circuit court the articles of agreement with a petition praying for a *pro forma* decree thereon. The court shall either grant or refuse the petition as the facts and circumstances may require; and, as we have already pointed out, if it shall entertain any doubt as to the lawfulness or public usefulness of the proposed corporation, it shall appoint an *amicus curiae* to examine the petition and show cause, if any there be, why the prayer of the petition should not be granted.

If the court grants the petition, the petitioners are required to cause the articles of agreement, with a certified copy of the court's order attached thereto, to be recorded in the office of the recorder of deeds of the county in which the association is located, and then filed in the office of the secretary of state. The latter then issues the petitioners a certified copy of the articles of agreement with the several certificates thereon, which certified copy is the charter of incorporation; and thereupon the petitioners, their associates and successors, are created and become a body corporate and politic by the corporate name designated in the charter.

It is thus to be seen that the first step towards securing a *pro forma* decree is the forming of an association of interested persons not less than three in number who desire to be consolidated and united into a corporation. The next step is the institution of a court proceeding, which could only be brought by a party or parties having legal capacity to sue. Lacking the status of a legal entity, the association could not institute the proceeding; and in many instances the persons associating themselves together might be too numerous to warrant the joining of all of them as petitioners. There is of course no corporation in existence; and even if the court grants the decree, the corporation does not come into being until after the judicial proceeding has been terminated and a charter of incorporation is issued to the petitioners by the secretary of state.

In this situation the Legislature has seen fit to provide that the petition shall be filed by the persons holding the principal offices in the association. However the reference to the offices they hold is merely for the purpose of identifying or pointing out the persons intended, and does not mean that the language in connection with which the reference occurs is to apply to such persons only in the official or technical character which might otherwise appear to be indicated. It may be conceded that the persons thus designated occupy a fiduciary relation to all those associated with them, as well as towards the corporation if and when it finally comes into existence. Knufinke v. Strobel, Mo. App., 3 S. W. (2d) 400. But so far as concerns their status in court, they appear in their own right as individuals. It is merely the case of a statute authorizing a certain proceeding, and prescribing the persons who may bring it. The persons designated by the statute are the only persons with capacity to institute the proceeding; they are the only parties ever before the court; and regardless of whether their petition is granted or denied, they are rightly taxed with all costs incurred or allowances made growing out of their action in invoking the jurisdiction of the court. In re The St. Louis Institute of Christian Science, *supra*. If their associates are to share the expenses with them, it can only be by private arrangement between them, which, as a matter of fact, is the way the question of expenses is ordinarily taken care of in the practical working out of such a proceeding.

It thus appears that the court had the implied or inherent power to make the *amicus curiae* a reasonable allowance for his services and to charge the same against the petitioners. Following the local practice in such respect, the court ordered that the allowance be taxed as costs. While the action of the court in regarding the allowance as an item of costs does not affect the result, it is not amiss to point out that an allowance of this kind does not actually stand in the footing of costs.

The term "costs," in its literal sense, is limited to statutory allowances to the prevailing party to an action to reimburse him for expenses incurred in prosecuting or defending the proceeding. The statute provides that in all civil actions or proceedings of any kind, the party prevailing shall recover his costs against the other party, except in those cases in which a different provision is made by law. Sec. 1406, Revised Statute Missouri 1939, Mo. R. S. A., sec. 1406.

There are two methods of collecting costs, the one by execution, which must run in the name of one of the formal parties to the record who has full control over it; and the other by fee bill, which is the remedy afforded court officers, jurors, and witnesses for the collection of their fees. Hoover v. The Missouri Pac. Ry. Co., 115 Mo. 77, 21 S. W. 1076; Dempsey v. Schawacker, 62 Mo. App. 166.

An *amicus curiae* is not a party to the case in which he is appointed. Moreover, in the present proceeding, the petitioners held liable for the allowance were prevailing parties, and there was no other party to the

record. If the allowance was strictly an item of costs, the *amicus curiae*, not being a formal party of record, would have no right to sue out an execution for its collection. Nor, even though he is an officer of court, does he come within the purview of the statute relating to the issuance of fee bills to court officers and other designated persons. Sec. 13398, Revised Statute Missouri 1939, Mo. R. S. A., sec. 13398.

The truth of the matter is that the compensation awarded an *amicus curiae* in this type of proceeding is a mere allowance which, as we have pointed out, the court has implied or inherent authority to make and charge against the party whose institution of the proceeding made his appointment necessary for the information of the court. The order allowing his compensation and charging the same against the petitioners is, in effect a judgment in his favor against the petitioners, and, as such, subject to the incidents of other judgments, including the right of the one in whose favor it runs to sue out an execution for its enforcement.

It follows that the order of the circuit court overruling the petitioners' motion to quash the execution should be affirmed; and the Commissioner so recommends.

PER CURIAM:—The foregoing opinion of BENNICK, C., is adopted as the opinion of the court. The order of the circuit court overruling the petitioners' motion to quash the execution is, accordingly, affirmed. *McCullen, P. J.,* and *Anderson* and *Hughes, J. J.,* concur.