Allan F. STEWART, Appellant,

v.

ST. LOUIS COUNTY, et al.,
Respondents.

No. 44053.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 29, 1981.

Motion for Rehearing or to Transfer to
Supreme Court Denied Feb. 19, 1982.

Application to Transfer Denied
April 13, 1982.

Fred Boeckmann, Clayton, for appellant.

Susan Pippa, Asst. County Counselor, Clayton, John Ashcroft, Atty. Gen., Christopher M. Lambrecht, Asst. Atty. Gen., Jefferson City, for respondents.

CRIST, Judge.

We reverse a declaratory judgment that "public funds" in § 210.160, RSMo. 1978 means "state funds." The relevant parts of the statute provide:

In every case involving an abused or neglected child which results in a judicial proceeding the judge shall appoint a guardian ad litem to appear for and represent:

(1) A child who is the subject of proceedings under Sections 210.110 to 210.-165 [i.e., the child abuse and neglect reporting act];

\*     \*     \*     \*     \*     \*

Said guardian ad litem may be allowed a reasonable fee for such services to be set by the court and paid from *public funds.* (emphasis added)

The facts were stipulated. Among them were that plaintiff, a Missouri attorney, "was appointed guardian ad litem by the Circuit Court of St. Louis County, Juvenile Division in certain judicial proceedings involving abused or neglected children pursuant to Section 210.160, RSMo. and was awarded certain sums of money for his services pursuant to that section . . . ." An exhibit to the stipulations shows the circuit court awarded guardian ad litem fees to plaintiff in thirteen cases between November, 1977, and October, 1979, in the total amount of $2,367.50. Plaintiff made demand upon the county defendants for payment of his fees pursuant to § 476.270, RSMo. 1978 (all further references to sections are to RSMo. 1978 unless indicated otherwise):

All expenditures accruing in the circuit courts, except salaries and clerk hire which is [sic] payable by the state, except all expenditures accruing in the municipal

divisions of the circuit court, and except as otherwise provided by law, shall be paid out of the treasury of the county in which the court is held in the same manner as other demands.

It is not disputed that the fees awarded are expenditures accruing in the circuit court. Rather, the question is whether the county properly refused plaintiff's demand for payment on the sole ground that notwithstanding § 476.270 the "public funds" for paying them to which § 210.160 alludes are the state's and not the county's.

As §§ 210.160 and 476.270 both bear on the source of funds for paying circuit court appointed guardians ad litem, we assess the effect of their respective provisions under the principles approved in *Hannibal Trust Co. v. Elzea*, 315 Mo. 485, 286 S.W. 371, 378 (Mo.1926):

> It is an established principle that all statutes are presumed to be enacted by the Legislature with full knowledge of the existing condition of the law and with reference to it. They are therefore to be construed as a part of a general and uniform system of jurisprudence, and their meaning and effect is to be determined in connection, and not only with the common law and the Constitution, but also in connection with other statutes on the same subject . . . .

With those principles in mind, we note that § 210.160 was enacted in 1975. Laws of Mo.1975–1976, p. 254. However, the background for its ambiguous reference to "public funds" is § 476.270, whose affirmative provision that "[a]ll expenditures accruing in the circuit courts . . . shall be paid out of the treasury of the county in which the court is held . . ." has been a statutory mandate and a keystone of circuit court administration since at least 1835. See: Rev.Stat.Mo. § 67, at 161 (1835). Therefore, though the term "public funds" standing alone may mean state funds or those belonging to any county or political subdivision of the state, see: *State v. Igoe*, 340 Mo. 1166, 107 S.W.2d 929, 933 (Mo.1937), both the context of § 210.160's enactment and the presumption that it is part of a general

and uniform system of jurisprudence indicate that fees awarded thereunder to guardians ad litem "shall be paid out of the treasury of the county in which the court is held," and we so hold.

Neither *In Interest of Ray*, 602 S.W.2d 955, 958–59 (Mo.App.1980) nor *In Interest of R. S. P.*, 619 S.W.2d 863, 865–66 (Mo.App. 1981) command a different result. *Ray* was a proceeding by grandparents pursuant to § 452.402 to secure visitation rights with two minor grandchildren. *In Interest of R. S. P.* was a termination of parental rights proceeding under §§ 211.442 to 211.492. The circuit court in each case appointed a guardian ad litem for the minor children, and the court on appeal in each case determined the issue of the guardian ad litem's fee in the absence of statutes expressly authorizing the fees. Here, however, the award of guardian ad litem fees *is* expressly authorized by statute, it being stipulated that both the proceedings involved and the awards of fees were under § 210.160.

The judgment is reversed and the cause remanded for further proceedings consistent with this opinion.

REINHARD, P. J., and SNYDER, J., concur.