**In the Interest of C.D.S., Respondent,**

v.

**MISSOURI DIVISION OF FAMILY SERVICES, Appellant.**

**No. 45738.**

Missouri Court of Appeals,
Eastern District,
Division Three.

April 26, 1983.

---

Buerkle, Lowes, Deeson & Ludwig, Catherin R. McBride (Guardian ad litem), Jackson, for respondent.

Melody A. Bryan, Jefferson City, for appellant.

CRIST, Judge.

The Missouri Division of Family Services (Division) appeals from a circuit court order in a Cape Girardeau County juvenile neglect action that it pay to the child's court-appointed guardian ad litem what the court determined to be a reasonable fee and costs. The question is whether the award may be assessed against the State under either §§ 210.160 or 211.281, RSMo. 1978. (All further references to statutory sections are to the RSMo. 1978 provisions that controlled the case below.) We hold it may not, and vacate the order and remand this cause for further proceedings.

The circuit court's order is on alternative grounds. One is that the Division is amenable to paying the fee and costs as an "informing witness" under § 211.281:

The costs of the proceedings in any case in the juvenile court may, in the discretion of the court be adjudged against the parents of the child involved or the informing witness as provided in

Section 211.081 [i.e., 'any person [who] informs the court in person and in writing that a child appears to be within the [juvenile court's exclusive subject matter jurisdiction]'] as the case may be, and collected as provided by law. All costs not so collected shall be paid by the county.

Looking past the difficulties of holding the Division to be a "person," we encounter the long-standing rule that neither fees nor costs can be taxed against the State or state agency absent express and specific statutory authority therefor. *See: State ex rel. Cain v. Mitchell,* 543 S.W.2d 785, 786 (Mo. banc 1976); *Automagic Vendors, Inc. v. Morris,* 386 S.W.2d 897, 900 (Mo. banc 1965); *Dunning v. Board of Pharmacy,* 630 S.W.2d 155, 159 n. 2 (Mo.App.1982). Section 211.281 does not expressly and specifically authorize anything to be recovered against the State or a state agency, and the order and award appealed from is erroneous insofar as it rests on that statute.

The other ground stated for the order's award is the payment-from-public-funds provision in § 210.160:

> In every case involving an abused or neglected child which results in a judicial proceeding the judge shall appoint a guardian ad litem to appear for and represent:

> (1) A child who is the subject of proceedings under Section 210.110 to 210.165 [i.e., the child abuse and neglect reporting act];

> \* \* \* \* \* \*

> Said guardian ad litem may be allowed a reasonable fee for such services to be set by the court and paid from public funds.

The Division's objection to the award insofar as it stems from § 210.160 is only that the "public funds" mentioned in the last-quoted sentence means county funds and not state funds. Respondent concedes as much, for we held in *Stewart v. St. Louis County,* 630 S.W.2d 127, 128 (Mo.App.1982) that "fees awarded [under § 210.160] to guardians ad litem 'shall be paid out of the treasury of the county in which the court is held'...."

We vacate the order because it erroneously allows recovery of the guardian ad litem's fee and costs against the Division. We remand so the trial court may determine whether the fee and costs should be taxed against Cape Girardeau County.

CRANDALL, P.J., and REINHARD, J., concur.