**Kimberly Ann HARRIS, Petitioner,**

v.

**Randy Lee HARRIS, Respondent,**

v.

**Virginia Lee BRUCKSHAW and James Benjamin Bruckshaw, Intervenors-Appellants.**

No. 35842.

Missouri Court of Appeals, Western District.

Jan. 22, 1985.

Louis F. Cottey, Oswald & Cottey, P.C., Kirksville, for intervenors-appellants.

Keith W. Hicklin, Hicklin & Dial, Memphis, for respondent.

Before LOWENSTEIN, P.J., and SOMERVILLE and NUGENT, JJ.

LOWENSTEIN, Presiding Judge.

This appeal concerns the custody of Michael Harris, now age four. The appellants are the maternal grandparents, the respondent is Mike's father. Shortly after Mike was born, on June 16, 1980, his natural mother, Kim Harris, gave him to her mother, Virginia Bruckshaw, and her stepfather, Jim Bruckshaw, to raise. The maternal grandparents had Mike for almost one year, and then Kim filed for divorce from the father, Randy Harris. The father was granted legal custody. He took Mike with him to his parents' house in Iowa. Kim was granted liberal visitation, including one night per week, alternate weekends, and alternate major holidays. While the Bruckshaws' visitation rights were not spelled out in the decree of dissolution, the court verbally ordered that their rights were co-extensive with those of the mother's. Though Kim had since entered the Navy and is stationed out of state, the grandparents exercised visitation rights, albeit with some complications.

Some eight months later Randy began dating his present wife, Shirley. On two occasions, one before and one after Randy and Shirley's marriage in August, 1982, Shirley admits to having spanked Mike severely causing bruises clearly amounting to child abuse. On September 1, 1982, the day after the second beating, Randy voluntarily took Mike back to the Bruckshaws, with the understanding that the grandparents would grant him visitation. Shirley sought counseling and some months later the father wanted Mike back, but the grandparents refused to return him to Randy.

On April 29, 1983 Randy filed an amended motion to modify the decree of dissolution. The ruling on the motion gave rise to this appeal. His purpose was two-fold: first, to force the grandparents to surrender Mike to him; second, to limit the mother's and grandparents' visitation rights. Since Randy already had legal, though not actual custody of Mike, it seems as if it would have been appropriate to file for a writ of habeas corpus. But apparently Randy went this route instead because as far back as September 30, 1981 (only a few months after the original decree) he had filed a motion to modify to limit the mother's rights since she had joined the Navy. The Bruckshaws never had been made party to any action involving the child. So to protect their visitation rights, and, more importantly, to obtain legal custody of Mike, the Bruckshaws here intervened.

After the August 25, 1983 trial, the court entered an order which continued legal custody of Mike with his father, but which changed the Bruckshaws' visitation rights to one week a month until Mike reaches school age, and then one weekend each month, plus four alternative holidays each year. The Bruckshaws appealed.

■ The Bruckshaws' first and second points concern the legal standard for vesting custody in third persons, *i.e.*, grandparents. Both parties agree the controlling statement of the law is found in *In Interest of K.K.M.*, 647 S.W.2d 886, 890 (Mo.App. 1983) where the eastern district said that extraordinary circumstances may mandate that custody be vested in third persons,

regardless of the natural parent's fitness. *Cf. Walls v. Murray,* No. 47546, Slip Opinion (E.D.Mo. December 4, 1984). The Bruckshaws claim the trial court only looked to Randy's fitness and based custody on that one factor, rather than considering the stepmother's unfitness as amounting to an extraordinary circumstance.

While the trial court's order does not specifically make a finding of fact as to the stepmother's fitness, it is clear from the record that there was extensive testimony on both sides about the two incidents of abuse. The trial court was aware of the legal standard for it cites the *K.K.M.* case in its conclusions of law. The trial court noted that while Shirley's statements are "no guarantee of future behavior, it appears ... that she had made a conscious effort to restrain her emotions."

The trial court went on to say it was "not unmindful of the concern of the apprehensions of the grandparents as to possible future abuse by the stepmother." To that end the court ordered the father to enroll Mike in a licensed day care center. A psychiatrist gave his opinion the child would not be at risk by living with his father and Shirley while under some supervision and with counseling. There is substantial evidence to support the trial court's decision which was made in accordance to law.

The Bruckshaws' third point concerns the trial court's order to limit their visitation rights. They argue that § 452.-400 RSMo entitles them to reasonable visitation rights unless and until that visitation would endanger the child's physical health or impair his emotional development. Under this statute, paragraph one provides that a non-custodial *parent* has a right to visitation, grandparents do not. The court is given more discretion in establishing the parameters of grandparental visitation. In pertinent part the statute in the third paragraph says a court may grant reasonable visitation to the grandparents who have the right to intervene, solely for such rights in the dissolution action, or they may move to modify an original decree to seek these

rights when they have been denied. In the present case the natural mother may have a legitimate complaint as to the court's limitation on visitation, but this court need not address that point for the mother does not appeal the decree; the Bruckshaws do not have standing to complain on their daughter's behalf. Their interest in the child and their efforts for Mike are not diminished by the result in this case.

As to the grandparents' visitation, the trial court did not abuse its discretion in re-arranging the time from every other weekend and one night a week to one full week per month. The evidence was since the father now lives many miles away from the Bruckshaws', compliance with the order to be modified would cause an inordinate amount of time to be spent transporting Mike to and from the grandparents. The Bruckshaws are actually getting more hours per month this way, at least until Mike reaches school age, and the burden of driving seven hours round trip is greatly reduced. In its decision, the trial court had in mind the best interests of the child. The trial court's handling of a very difficult case is to be commended. Likewise, the court is appreciative of a case well briefed and argued by both counsel.

The Bruckshaws' last point is that the trial court abused its discretion in taxing the costs of the action against them. The general rule is that the prevailing party in a civil action, or proceeding of any kind, is entitled to recover costs against the other party. Section 514.060 RSMo (1978). It has long been held that a motion to modify is legally regarded as a continuance of the original action for divorce and the taxing of costs is governed by the same principle. *Smithart v. Sportsman,* 614 S.W.2d 320, 322 (Mo.App.1981); *Herhalser v. Herhalser,* 401 S.W.2d 187, 193 (Mo.App. 1966); *Crooks v. Crooks,* 197 S.W.2d 678, 685 (Mo.App.1946). Furthermore, in a divorce proceeding, the character of which is one triable by equitable principles, the trial court is vested with a sound discretion to award costs, but this must be exercised in

light of the facts of each particular case. *Crooks, supra.*

 In the present case the Bruckshaws clearly lost on the issue of custody, but on the issue of visitation even the respondent, Randy, agrees in his brief the modification entered need not be deemed a restriction of visitation. Since this court does not believe the Bruckshaws "lost" on this issue, the trial court is therefore held to have abused its discretion in taxing all the costs against them. Under these circumstances, the costs should have been divided equally between the father and the grandparents.

Judgment is affirmed in all respects except as to the issue of costs, and is reversed on the taxing of costs and remanded to assess the costs equally. The costs of this appeal are to be against both parties equally.

All concur.