Mr. William SIEDHOFF, Director, Division of Family Services, Missouri Department of Social Services, Appellant,

v.

Susan K. VAJDA, Respondent.

Mr. William SIEDHOFF, Director, Division of Family Services, Missouri Department of Social Services, Appellant,

v.

Theresa HAGERS, Respondent.

No. WD 40069.

Missouri Court of Appeals,
Western District.

Sept. 13, 1988.

Mary J. Deline, Jefferson City, Nancy J. Melton, Independence, for appellant.

Delany Dean, Kansas City, Karen M. Deluccie, Independence, for respondent.

Before TURNAGE, P.J., and SHANGLER and MANFORD, JJ.

TURNAGE, Presiding Judge.

Appeal by the Division of Family Services from an order in two juvenile cases assessing guardian ad litem fees against the Division. Reversed.

In each of these cases reports of child abuse were made to the Division. The Division investigated the allegations pursuant to § 210.145, RSMo 1986,[1] and determined pursuant to § 210.152 that there was reason to suspect the children had been physically abused by the mother. The mother filed an application for review under § 210.152.3 in the circuit court.

The court appointed a guardian ad litem in each case as required by § 210.160.1. In each case the Division subsequently determined that the report of abuse was unsubstantiated and prior to a hearing on the mother's application for review the mother filed a voluntary dismissal of the application for review.

Thereafter, the guardian ad litem, who was the same in each case, filed a motion for the allowance of a fee. The principal question presented was whether or not the fee was to be paid by the Division. In each case the court determined the fee would be paid by the Division and awarded a fee of $400 in one case and $460 in the other.

The Division contends that the fee may not be assessed against it.

Section 210.160.4 provides that the fee may be assessed as costs to be paid by certain parties or from public funds. In *Stewart v. St. Louis County,* 630 S.W.2d 127 (Mo.App.1981), it was held that the term "public funds" referred to county funds and not state funds. That holding was followed in *In the Interest of C.D.S. v. Missouri Division of Family Services,* 652 S.W.2d 233 (Mo.App.1983). Those cases were followed and adopted by this court in *In the Interest of K.L.W. v. Missouri Division of Family Services,* 655 S.W.2d 122 (Mo.App.1983).

This court considers the law to be firmly established that the phrase "public funds" in § 210.160.4 refers to county funds and not to state funds. For that reason no guardian ad litem fees may be assessed against the Division of Family Services.

The guardian contends that *In the Interest of A.M.G. v. Missouri Division of Family Services,* 660 S.W.2d 370 (Mo.App.1983), provides a basis for sustaining the orders under question here. In *A.M.G.* the court considered the provision of § 211.462.4 which authorizes the court to tax costs against the agency or person having or receiving legal or actual custody. In *A.M.G.* the court construed the word "agency" to refer to the Division of Family Services after reviewing the use of the word "agency" in Chapter 211 and concluded that the legislature intended to include the Division of Family Services within the term "agency."

*A.M.G.* has no application to the question involved here because there is no legislative intent manifested in Chapter 210 that guardian ad litem fees may be assessed against the Division. On the contrary, as previously stated, it is settled that "public funds" in § 210.160.4 refers to county funds and not to the Division.

The judgment assessing costs in each of these cases against the Division is reversed and these cases are remanded for further proceedings for the assessment of guardian ad litem fees as allowed by law.

All concur.

---

1. All sectional references are to RSMo 1986.