**William C. REED, Plaintiff–Appellant,**

**v.**

**CITY OF SPRINGFIELD, Missouri, the Mayor's Commission on Human Rights and Community Relations, and Scott B. Tinsley, Chairman, Lyle Leisenring, Donna Cofer, and Joyce Munden, Members, and Vickie O'Brien, Complainant, Defendants–Respondents.**

**No. 17943.**

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 6, 1992.

Motion for Rehearing or Transfer to
Supreme Court
Denied Nov. 24, 1992.

Application to Transfer Denied
Dec. 18, 1992.

Timothy E. Gammon, Hulston, Jones, Gammon & Marsh, Springfield, for plaintiff-appellant.

Dennis Budd, Asst. City Atty., Springfield, for defendants-respondents.

PARRISH, Chief Judge.

Appellant William C. Reed (Dr. Reed) prevailed in an action for judicial review that he brought against the City of Springfield (the City). That action sought review of a decision of the Springfield Mayor's Commission on Human Rights and Community Relations (the Commission) in which it ordered payment of $2,520 by Dr. Reed to a former employee for alleged discriminatory treatment. *See Reed v. City of Springfield*, 758 S.W.2d 138 (Mo.App.1988).

After the initial appeal, Dr. Reed filed a motion in the circuit court seeking, as part of his recovery of costs, attorney fees and the cost that he incurred in securing a transcript of the proceedings that had occurred before the Commission. Dr. Reed was required to file the transcript with the circuit court as part of the "record before

the agency" that was the subject of judicial review. § 536.130.[1] The circuit court denied the motion. This court affirms with respect to the disallowance of attorney fees and reverses with respect to the disallowance of the cost of the transcript of proceedings.

The mandate of this court in *Reed v. City of Springfield, supra,* included the directive "that [Dr. Reed] recover of appellants costs and charges herein expended and have execution therefor."

The trial court had no authority to do other than was directed by the opinion and mandate of this court. *Morrison v. Caspersen*, 339 S.W.2d 790, 792 (Mo. 1960).

*White River Dev. Co. v. Meco Systems, Inc.*, 837 S.W.2d 327, 334 (Mo.App.S.D. 1992). The question for resolve is whether the "costs and charges" which Dr. Reed was entitled to recover from the City included his attorney fees and the cost of the transcript.

Dr. Reed's first point on appeal is directed to the circuit court's failure to include the cost of the transcript as part of the "costs and charges." The mandate in the initial appeal of this case was entered October 20, 1988. The motion seeking allowance of attorney fees and reimbursement of the cost for the transcript was filed October 25, 1988. Following the filing of suggestions, both in support of the motion and in opposition to it, the circuit court entered its ruling December 5, 1991, denying the request.

Section 514.060 states:

In all civil actions, or proceedings of any kind, the party prevailing shall recover his costs against the other party, except in those cases in which a different provision is made by law.[2]

---

1. References to statutes are to RSMo 1986 unless otherwise stated.

2. There is now a statute that relates specifically to costs and fees in proceedings before state agencies and the judicial review of administrative decisions, § 536.087, RSMo Supp.1991. That statute became effective August 28, 1989, after this court's mandate issued in the initial appeal of this case. The new statute is consistent with § 514.060 in that it provides that a party who prevails in a civil action arising from an agency proceeding "shall be awarded" reasonable fees and expenses that the party incurred in the civil action absent special circumstances. § 536.087.1, RSMo Supp.1991. This court need not, and does not, decide, for purposes of this appeal, whether § 536.087, RSMo

Dr. Reed prevailed in the case and it was a civil action. The only factor for determination in applying § 514.060 is whether "costs" include the cost of securing a written transcript of the proceedings before the Commission in order to file it with the circuit court as required by § 536.130. Neither party to this appeal has cited any case in which that issue was addressed. This court's research has, likewise, disclosed no Missouri case in which this question was raised. However, the Conference of State Court Administrators and the Conference of Chief Justices adopted in August 1986, and in August 1987, respectively, "Standards Relating to Court Costs: Fees, Miscellaneous Charges and Surcharges."[3] The report in which the standards are set forth identifies certain fees, miscellaneous charges and surcharges as constituting "court costs." Applicable terms are defined as follows:

Fees—Amounts charged for the performance of a particular court service which are disbursed to a governmental entity. These fees are specified by an authority at a fixed amount.

Miscellaneous Charges—Amounts assessed that ultimately compensate individuals or non-court entities for services relating to the process of litigation. These amounts often vary from case to case based on the services provided.

Surcharges—Amounts added to fines, fees, or court costs that are used for designated purposes.

Among the examples included in the report's commentary are:[4]

Fees—"access to the court or filing fee, motion fee, answer fee, certificate fee, and jury fee. These fees pass through the courts' registries and ultimately are deposited to the funding source(s) of the court, either state or county general revenue funds, with the intent of offsetting in part the expense of the benefit or service provided by the court."

Miscellaneous Charges—"[m]ost often the recipient of revenues from miscellaneous charges is the individual performing the service." They include charges calculated as a "rate per unit of service." They "may or may not be established by statute or court rule." They include such things as "sheriff's fees and mileage for service of process," "page rate for a transcript" based upon number of pages prepared, "deposition expenses, "juror and witness mileage expenses."

Surcharges—"law library funds, domestic violence shelter funds, retirement funds for judges, state police and sheriffs, funds for indigent defense, law enforcement halls of fame funds, specific funds for departments of transportation, funds identified for departments of health and social services, victims of crime funds, and innumerable training funds for law enforcement, prosecutors and others, and funds for buildings and facilities."

The commentary suggests:

"Court costs" are the total taxable assessments in a case. Within a given case, a mathematical equation may be used to express "court costs". The equation is: Fees + Miscellaneous Charges + Surcharges = Court Costs.

This court concludes that "costs" as used in § 514.060, utilizing the language in the standards, include the total taxable assessments in a case and, in this case, include the cost of the transcript of the proceedings that occurred before the Commission. Dr. Reed was required to secure a written transcript of those proceedings in order to obtain judicial review. § 536.130.4. He is entitled to be reimbursed by the losing party for the miscellaneous charges he incurred in order to secure the transcript.

Supp.1991, is applicable to proceedings before municipal agencies.

3. For a discussion of the development of the "Standards Relating to Court Costs: Fees, Miscellaneous Charges and Surcharges," *see Harrison v. Monroe County,* 716 S.W.2d 263, 268–70 (Mo. banc 1986) (Welliver, J., concurring).

4. The use of these examples is not an indication that Missouri provides for particular categories of expenses that are identified in the examples. Some of the particular examples include some charges similar to those imposed in Missouri, others do not.

Those charges are part of the "costs" recoverable pursuant to § 514.060.

■ The City has suggested, nevertheless, that this issue is not now cognizable on appeal in that the circuit court's duty, following the initial appeal of this case, "[was] to render judgment in accordance with the mandate"; that it was "without power to modify, alter, amend or in any manner depart from the judgment of [the] appellate court." The City contends that Dr. Reed was remiss in not applying to the circuit court to "retax the costs of the action as contemplated in Section 514.270."

■ This court does not agree with the City's contention. The mandate directed that Dr. Reed was to recover "costs and charges herein expended and have execution therefor." The trial court denied his request for recovery of the costs and charges he expended in securing the transcript of the proceedings before the Commission. That order amounted to one that affected Dr. Reed's ability to enforce the judgment that had been rendered in his favor. It was a "special order after final judgment in the cause" that was appealable regardless of the applicability, or lack thereof, of § 514.270. See § 512.020. The question presented is not, "Who shall pay costs?" It is, "What do costs include?" [5] The City's contention that Dr. Reed's appeal will not lie with respect to the matter of court costs fails. Dr. Reed's first point is granted.

■ Dr. Reed also sought attorney fees. His second and third points on appeal assert that the circuit court erred by not awarding attorney fees. He asserts that the City's pursuit of a claim against him was frivolous; that he is, therefore, enti-

tled to attorney fees in accordance with § 514.205.

■ Attorney fees are generally not considered to be costs. See Washington University v. Royal Crown Bottling Co., 801 S.W.2d 458, 469–70 (Mo.App.1990). This court's mandate in the original appeal did not address the matter of attorney fees. As such, Dr. Reed's present efforts are not directed to enforcement of the judgment that had been rendered in his favor. His second and third points are denied.

The order of the circuit court is affirmed with respect to denial of attorney fees. That order is reversed with respect to the allowance of the cost of the transcript of proceedings before the Commission incurred by Dr. Reed.

CROW, P.J., and SHRUM, J., concur.

---

5. Arguably, § 514.270 applies to persons aggrieved as a result of erroneous costs being included on a bill of costs assessed against them. Such persons may obtain relief by applying to the trial court to avoid having to pay an improper amount or to seek recompense for an amount previously paid. This case does not involve a party against whom costs have been taxed seeking to be relieved of that obligation.

Regardless, even if § 514.270 were held to be applicable, a holding that this court declines to

make under the facts of this case, the motion that was filed, although couched somewhat in language purporting to seek recovery in the form of sanctions, could be considered as one seeking relief in accordance with § 514.270. A pleading's character is ascertained from its content, not the name given it by the pleader. See Farmer's Mutual Fire Ins. Co. v. Farmer, 795 S.W.2d 104, 107 (Mo.App.1990).