Jean M. MEYER, Petitioner,

v.

Norvel M. MEYER, Respondent,

St. Louis County, Missouri,
Intervenor/Appellant,

Adrienne E. Anderson, Guardian
ad Litem/Respondent.

Donna Kaye SLADEK, Petitioner,

v.

Martin Joseph SLADEK, Respondent,

St. Louis County, Missouri,
Intervenor/Appellant,

Pamela Wright, Guardian ad
Litem/Respondent.

Nos. 60829, 60837.

Missouri Court of Appeals,
Eastern District,
En Banc.

Nov. 24, 1992.

John A. Ross, Christopher J. McCarthy, Clayton, for St. Louis County, intervenor.

Michael B. Stern, St. Louis, for Jean M. Meyer, petitioner.

J. Patrick Winning, Chesterfield, for Norvel F. Meyer, respondent.

Michael J. Blaney, Clayton, for Adrienne E. Anderson, Guardian ad Litem/respondent.

Dennis Rowlett, Kirkwood, for Donna Kaye Sladek, petitioner.

Richard Eisen, St. Louis, for Martin Joseph Sladek, respondent.

Ramon J. Morganstern, Clayton, Kenneth H. Graebber, St. Louis, for Harriett Sladek, intervenor.

Pamela S. Wright, Clayton, Guardian ad Litem/respondent.

Pamela S. Wright, Clayton, for Dr. Ann Dell Duncan, Judgment Creditor.

GRIMM, Judge.

In these two cases, *Meyer v. Meyer* and *Sladek v. Sladek*, the trial court appointed guardians ad litem (GAL) for the children and ordered their fees paid from public funds of St. Louis County. In an attempt to collect their fees, the guardians garnished County's funds. County then moved to intervene and quash the garnishments; both motions were denied.

County raises two points on appeal. First, it alleges the trial court erred when it denied County's application "to intervene as a matter of right to set aside money judgments entered against [County] in two separate actions in which the County was never a party and to quash garnishments based on such judgments." Second, it alleges the trial court erred in refusing to set

aside the judgments because they "were entered without *in personam* jurisdiction." We combine these points for consideration and disposition.[1] We reverse and remand for further proceedings.

## I. Background

In *Meyer*, Judge Patrick Clifford appointed a GAL pursuant to § 452.423;[2] he ordered each party to pay $150.00 into the court's registry as a deposit on the GAL fees. Thereafter, Judge Susan Block found that the GAL was appointed "because of the allegations of child abuse." She awarded GAL fees of $3,975.00. Judge Block found "the parties are without substantial means." She ordered the deposited funds to be paid to the GAL and the balance "be paid from public funds by St. Louis County, pursuant to Sec. 452.-423(4) and 210.160(4) R.S.Mo.1988."

In *Sladek*, Judge Block appointed the GAL on her own motion. According to the GAL, the GAL, "with the consent of both parties and their attorneys, retained the services of [a] child psychologist ... to examine the minor children and their parents for the purpose of making a recommendation regarding permanent and temporary custody awards."

In response to a request for part payment of GAL fees, Judge Robert S. Cohen ordered Mr. Sladek to pay the GAL $2,000 and the psychologist $1,060. Thereafter, Judge Philip J. Sweeney found that Mr. Sladek was "unable to pay" those sums. Judge Sweeney awarded GAL fees of $10,-685.29 and psychologist fees of $1,910.00 and directed that these fees be paid "from public funds" of County "pursuant to Section 452.423(4)."

When the GALs garnished County's bank account, County filed motions to intervene, to set aside judgments, and to quash garnishments. The motions in both cases were consolidated. They were heard and denied by Judge Sweeney.

## II. Statutory Basis for GAL

Where, as here, child custody in a dissolution proceeding is contested, § 452.423.1 authorizes the trial court to appoint a guardian ad litem. Further, in any dissolution proceeding in which child abuse is alleged, the trial court *"shall* appoint a guardian ad litem." (emphasis added). *Id.*

We observe in passing that § 210.160 also requires the appointment of a guardian ad litem in "every case involving an abused or neglected child which results in a judicial proceeding." Because the matters before us are dissolution proceedings, we confine our discussion to the application of § 452.423.

Section 452.423.4 directs that the "guardian ad litem shall be awarded a reasonable fee for such services to be set by the court." This statute continues as follows (emphasis and bracketed material added):

> The court, in its discretion, [1] may *award* such fees as a *judgment* to be paid by any party to the proceedings, or [2] may *tax* such fees as *costs* to be paid [a] by the party against whom costs are taxed, or [b] from public funds. Such an *award* of guardian fees shall constitute a *final judgment* in favor of the guardian ad litem. Such *final judgment* shall be enforceable against the parties in accordance with chapter 513, RSMo.

The language of the statute sets forth two methods for assessing GAL fees. The two methods are (1) awarding the fees as a judgment to be paid by a party and (2) taxing the fees as costs to be paid by a party or from public funds.

We first consider the statutory language as it applies to awarding the fees as a judgment. Section 452.423.4, stripped of language concerning taxation of the fees as costs, reads:

> The court, in its discretion, may *award* such fees as a *judgment* to be paid by any party to the proceedings,.... Such an *award* of guardian fees shall consti-

---

1. Without further attribution, this opinion contains material from draft opinions written by Judges James A. Pudlowski and Kathianne Knaup Crane.

2. All statutory references are to RSMo Cum. Supp.1991, unless otherwise indicated.

tute a *final judgment* in favor of the guardian ad litem. Such *final judgment* shall be enforceable against the parties in accordance with chapter 513, RSMo. (our emphasis).

■ From this language, we discern the following: (1) the trial court may award GAL fees "as a judgment to be paid by any party";[3] (2) "Such an award" refers back to the award of "a judgment to be paid by any party"; (3) the "judgment to be paid" by a party is a "final judgment"; (4) the "final judgment" is enforceable against the parties; and (5) enforcement of the judgment by issuance of an execution pursuant to chapter 513 is authorized.

■ In contrast, § 452.423.4, stripped of the above language concerning fees as a judgment, leaves the following concerning taxing the fees as costs:

The court, in its discretion, ... may *tax* such fees as *costs* to be paid [a] by the party against whom costs are taxed, or [b] from public funds. (emphasis and bracketed material added).

From this language, the following is apparent: (1) instead of awarding the GAL fees as a judgment, the court may assess them as costs; (2) the costs may be assessed against a party; and (3) the costs may be ordered paid from public funds.

Our construction of § 452.423.4 is consistent with other statutory provisions. Section 511.020 defines a judgment as "the final determination of the right of the parties in the action." Thus, by definition, a judgment is applicable only to "the parties."

Further, § 511.030 provides that a judgment "may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants." Also, by its terms, § 452.423.4 provides that the "final judgment" is "enforceable against the parties."

■ County, neither a plaintiff nor a defendant, was not a party to these actions.

Sections 452.423.4, 511.020, and 511.030 only permit judgments against parties. Thus, it is clear that a judgment could not be entered against County unless it was a party to this action.

■ On the other hand, § 452.423.4 gives the trial court discretion to tax the GAL fees as costs to be paid from "public funds." In this context, "public funds" means county funds, to be paid out of the treasury of the county in which the court is held. *See Stewart v. St. Louis County*, 630 S.W.2d 127, 128 (Mo.App.E.D.1982). Thus, the trial court could tax the guardian fees against County.

Although neither court order uses the statutory words "tax such fees as costs to be paid ... from public funds," both orders refer to paying the GAL fees from public funds pursuant to § 452.423. Section 452.-423 provides only one way to pay GAL fees from public funds—tax as costs. Thus the clear intent of the orders was to tax the GAL fees as costs to be paid from public funds.

## III. Intervention

The opening sentence in the argument section of County's brief asserts: "St. Louis County, Missouri takes this appeal to establish that a trial court must obtain *in personam* jurisdiction over St. Louis County prior to entering a money judgment against it." This argument misses the mark. Under § 452.423.4, the trial court did not enter a "money judgment" against County. Rather, the trial court taxed the GAL fees as costs to be paid by County.

■ A trial court does not have to obtain *in personam* jurisdiction over a county prior to taxing costs to County. Section 476.-270, RSMo 1986, provides that all expenditures accruing in the circuit courts, with some exceptions not applicable here, "shall be paid out of the treasury of the county in which the court is held in the same manner as other demands."

*Harris v. Harris*, 685 S.W.2d 242, 244–45 (Mo. App.W.D.1985). Costs may be divided between the parties. *See Mason v. Mason*, 560 S.W.2d 614 (Mo.App.S.D.1978).

---

**3.** In a dissolution proceeding, "the character of which is one triable by equitable principles, the trial court is vested with a sound discretion to award costs," which includes dividing the costs.

In *State ex rel. Taylor v. Clymer*, 503 S.W.2d 53 (Mo.App.W.D.1973), our western district colleagues held that indigent spouses in divorce proceedings were entitled to service by publication on non-resident spouses, and that "such an expenditure is within the plain meaning of Section 476.-270." *Id.* at 57; *see also State ex rel. Henderson v. Blaeuer*, 723 S.W.2d 589, 590 (Mo.App.W.D.1987).

In *Stewart*, 630 S.W.2d at 127, this court was asked to determine the meaning of "public funds" as used in § 210.160, RSMo 1978. The trial court had determined they were "state funds." We reversed, holding that GAL fees were to be paid pursuant to § 476.270 by "the county in which the court is held." *Id.* at 128. *Stewart* held only that county funds, rather than state funds, would pay fees awarded to guardians ad litem. The procedure for accomplishing this payment was neither raised nor addressed in *Stewart*, nor is it set forth in § 452.423.

Section 452.423 authorizes the trial court to tax the fees as costs, to be paid either by a party or from public funds. This statute is *sui generis, i.e.*, peculiar, of its own kind. *See Potter v. Patee*, 493 S.W.2d 58, 61 (Mo.App.W.D.1973). It is peculiar for two reasons. First, costs are generally taxed in favor of a party or against a party, not against a non-party. Second, costs are limited to statutory allowances to the prevailing party to reimburse the prevailing party for that party's expenses. *In re Phi Fathers Educational Ass'n*, 239 Mo.App. 1105, 203 S.W.2d 885, 889 (E.D.1947); *see also Reed v. City of Springfield*, 841 S.W.2d 283 (Mo.App.S.D.1992); § 514.060, RSMo 1986 (prevailing party "shall recover his costs against the other party," unless otherwise provided by rule or by law); Rule 77.01 (same).

Here, the assessment of "costs" is atypical. They were not assessed against a party, but rather against a non-party, County. When costs are assessed against a party, a party has the right to contest the assessment and appeal if necessary. However, County, a non-party, had no such right. Further, neither party paid the GAL fees; therefore, a party was not being reimbursed for expenses incurred. And finally, GAL fees, unlike most court costs, are not a set or relatively fixed amount.

■ County contends that it has the right to intervene in order to challenge the assessment of GAL costs. Intervention is either as a matter of right or permissive. Rule 52.12. In order to intervene as a matter of right, County must claim "an interest relating to the property or transaction which is the subject of the action." Rule 52.12(a)(2). Here, the subject of the action is dissolution of marriage. County does not have the requisite interest in "the subject of the action" to merit intervention as a matter of right.

■ Although not entitled to intervene as a matter of right, County is entitled to permissive intervention. Rule 52.12(b)(2) permits intervention "when an applicant's claim or defense and the main action have a question of law or fact in common." Here, County's defense against paying the GAL fees and the dissolution proceeding have a common question of law and fact, namely, who is responsible for the GAL fees.

■ We acknowledge that permissive intervention is discretionary and that we review for abuse of discretion. Here, due to the *sui generis* nature of the statute, as well as county's economic interest, county should be permitted to intervene. "Permissive intervention may be permitted when the intervenor has an economic interest in the outcome of the suit." 7C C. WRIGHT, A. MILLER, & M. KANE, GENERAL PRACTICE AND PROCEDURE: CIVIL 2d § 1911, at 357 (1986); *see also In re Additional Magistrates, etc.*, 580 S.W.2d 288, 295 n. 6 (Mo. banc 1979).

■ A court may impose conditions on its grant of permissive intervention. 7C WRIGHT, MILLER, & KANE, *supra* § 1922. Or, as Professor Moore stated, a court "can limit the intervention to certain issues, or place other conditions on it." 3B J. MOORE, MOORE'S FEDERAL PRACTICE, ¶ 24.10[4], at 24–103 (1992).

■ Here, County's intervention should be limited to the issue of taxing the GAL fees as costs to be paid from public funds of County. However, in *Sladek*, County may also contest the taxation of the psychologist's fees. Specifically, County may contest (1) whether the County, or one or both of the parties, should pay the GAL fees, and (2) the reasonableness of the fees. In addition, in *Sladek*, County may contest whether it is responsible for the psychologist's fees and, if so, whether those fees are reasonable.

■ We now turn to issues raised by respondents that have not been previously discussed. Respondents contend that the motions to intervene were not timely because they were not filed until the fee awards had the effect of final judgments. Although respondents' contention is generally correct, it is not an absolute rule. Post-judgment intervention is allowed under certain circumstances and the courts look at two factors. The first is whether substantial justice requires intervention, and the second is whether existing parties to the case will be prejudiced if intervention is permitted. *Frost v. Liberty Mut. Ins. Co.*, 813 S.W.2d 302, 304 (Mo. banc 1991).

■ Here "substantial justice" mandates intervention. Nothing in the record or briefs indicates that County knew before judgment that the GAL fees would be taxed as costs to be paid by County. Nor do the record or briefs disclose any adversarial proceedings as to the award, its amount, or the person or entity against whom they should be assessed. The decision to assess GAL costs to County was " 'not an adversary proceeding calculated to result in a dispassionate appraisal of the issues.' " *Id.* (quoting *Frost v. White*, 778 S.W.2d 670, 673 (Mo.App.W.D.1989)).

As to the second factor, prejudice to existing parties, none of the existing parties contend that they would be prejudiced. Intervention is therefore proper and necessary.

Respondents also contend that trial courts have the inherent power to award GAL fees out of county funds, relying on *State ex rel. Weinstein v. St. Louis County*, 451 S.W.2d 99 (Mo. banc 1970), and *In re Ray*, 602 S.W.2d 955 (Mo.App.W.D. 1980). However, as stated in *Weinstein*, "inherent power in the judicial department should be exercised only on occasions where necessary personnel and facilities are not provided by conventional methods." *Weinstein*, 451 S.W.2d at 102.

■ Section 452.423 was enacted in 1988, subsequent to both *Weinstein* and *Ray*. This section specifically authorizes a trial court to award GAL fees. Thus, trial courts should no longer rely on inherent power to award GAL fees because § 452.-423 specifically authorizes these fees.

■ Although intervention after judgment should be permitted in these cases, intervention "as contemplated by *Rule 52.12* is intervention in a pending case." *Frost*, 813 S.W.2d at 304. Thus, in the absence of direction from the General Assembly, where there is a possibility that GAL fees will be taxed as costs payable by a county, the GAL should serve a copy of the request not only on the parties, but also on the county.[4] By so doing, the county would be afforded notice and the opportunity to inquire about the case and the extent of the claim for GAL fees that might be taxed as costs against it.

Having received notice, a county is also afforded the opportunity to file a timely application under Rule 52.12(b) to intervene while the case is still pending and before GAL fees are awarded. If a county timely complies with the procedure set forth in Rule 52.12(c), the county should be permitted to intervene with appropriate limitations imposed on the scope of its intervention. Any necessary hearing could then be held.

■ If such application is not timely filed, the county will be deemed to have waived its right to object, as well as to intervene after judgment. The trial court

4. In Jackson County, a similar approach is apparently followed concerning attorney's fees in termination of parental rights cases. *See In re M.V.*, 775 S.W.2d 262, 263 (Mo.App.W.D.1989).

may then proceed to award the GAL fees, either by entering a judgment against a party, or by taxing the fees as costs against a party or the county.

In light of the lack of direction from the General Assembly and the courts concerning the taxing of GAL costs to County, we reverse and remand. The orders which assessed costs to County should be set aside and the garnishments quashed. County shall be afforded the opportunity to promptly file an application to intervene in these cases. If such an application is filed, the trial court shall grant the application, imposing appropriate limitations. The trial court shall then consider the GALs' applications for fees and enter an appropriate order. If no application is filed, the trial court may proceed to enter a judgment against a party for GAL fees, or order the fees taxed as costs against a party or County.

SMITH, REINHARD, STEPHAN, CRIST, PUDLOWSKI, SIMON, CARL R. GAERTNER, GARY M. GAERTNER, CRANE and AHRENS, JJ., concur.

KAROHL, C.J., concurs in result.

CRANDALL, J., concurs in result in separate concurring opinion.

CRANDALL, Judge, concurring.

I concur in the result reached by the majority opinion of Grimm, J.

The County has not raised, and therefore we do not directly address, the overall obligation of the County to pay expenditures accruing in the circuit courts and the statutory method for resolution of disputes over funding of those expenditures. *See* § 476.-270, RSMo (1986) and § 50.540 to § 50.641, RSMo (1986). I write only to make it clear that § 452.423 does not create an open-ended obligation of the County to pay without regard to other statutory constraints or budgetary obligations.