Gary SWEETEN, Respondent/Petitioner,

v.

Diana L. WATIE,
Respondent/Respondent,

and

St. Louis County, Missouri,
Respondent/Intervenor,

and

Adrienne E. Anderson,
Appellant/Guardian.

No. 61167.

Missouri Court of Appeals,
Eastern District,
En Banc.

Nov. 24, 1992.

Michael J. Blaney, St. Louis, for Adrienne E. Anderson, Guardian ad Litem.

John Ross, Christopher J. McCarthy, Clayton, for St. Louis County, Missouri, intervenor.

Lisa A. Kircher, Clayton, for Gary C. Sweeten, petitioner.

Diane Watie, pro se.

GRIMM, Judge.

This case is a companion to *Meyer v. Meyer* and *Sladek v. Sladek*, 842 S.W.2d 184 (Mo.App.E.D.1992) decided today. As in those cases, the trial court here appointed a guardian ad litem (GAL) in a dissolution proceeding. The trial court ordered a portion of the GAL fees paid from public funds of St. Louis County.

In an attempt to collect her fee, the GAL garnished County's funds. County then moved to intervene and quash the garnishment. Unlike the trial court in *Meyer* and *Sladek*, here the trial court sustained the motions.

GAL appeals; she raises only one point. She alleges the trial court erred in sustaining County's motions because the trial court had jurisdiction "to order guardian ad litem fees paid from public funds without first making St. Louis County a party to the proceeding on the motion to modify." She contends GAL fees "constitute an expenditure of the court and such expenditures are required to be paid by the county wherein the court sits." We affirm.[1]

## I.  Background

Husband's motion to modify alleged child abuse. Therefore, Judge Margaret Nolan appointed a GAL pursuant to § 452.423.[2] She ordered each party to pay $500.00 into the court's registry as a deposit on the GAL fees. Subsequently, GAL filed a motion seeking a GAL fee of $1,950; Judge Nolan allowed $1,637.50. Judge Nolan directed the court clerk to pay the $1,000.00 on deposit to the GAL.

Later, Judge Nolan awarded the GAL an additional fee of $737.50. She ordered that sum, plus the balance of $637.50 owed from the earlier award, "taxed against St. Louis County, Missouri."

When the GAL garnished County's bank account, County filed motions to intervene, to set aside judgment, and to quash garnishment. Judge Philip J. Sweeney heard the motions and sustained them.

## II.  Disposition

■ In *Meyer* and *Sladek* we set forth the construction of § 452.423.4. We concluded that in the absence of direction from the General Assembly, it would be an abuse of discretion to deny the County an opportunity to intervene "where there is a possibility that GAL fees will be taxed as costs payable by a county." *Meyer v. Meyer* and *Sladek v. Sladek*, 842 S.W.2d 184, 189 (Mo.App.E.D.1992). Our opinion there applies here and need not be repeated.

■ We briefly comment on two other items. First, the order sustaining the motions here said: "Failure to give St. Louis County notice is fatally defective and denies St. Louis County due process." However, County is a political subdivision of the state. As such, it is not a "person" within the protection of the due process clause and cannot claim constitutional rights to notice and opportunity to be heard. *See City of Chesterfield v. Director of Revenue*, 811 S.W.2d 375, 377 (Mo. banc 1991).

---

1. Without further attribution, this opinion contains material from draft opinions written by Judges James A. Pudlowski and Kathianne Knaup Crane.

2. All statutory references are to RSMo Cum. Supp.1991, unless otherwise indicated.

Second, in its brief, County contends that the expenditures arising under § 452.423.4 must be budgeted pursuant to §§ 50.540—.641, RSMo1986. This issue was not raised in *Meyer* or *Sladek.*

We decline to address this issue for two reasons. First, this ground was not presented to the trial court in any of its motions. Second, the parties acknowledge no record exists on this issue.

County shall be afforded the opportunity to promptly file an application to intervene in this case pursuant to Rule 52.12(b). If such an application is filed, the trial court shall grant the application, imposing appropriate limitations. The trial court shall then consider the GAL's application for fees and enter an appropriate order. If no application is filed, the trial court may proceed to enter a judgment against a party for GAL fees, or order the fees taxed as costs against a party or County.

The trial court's judgment is affirmed.

SMITH, REINHARD, STEPHAN, CRIST, PUDLOWSKI, SIMON, CARL R. GAERTNER, GARY M. GAERTNER, CRANE and AHRENS, concur.

KAROHL, C.J., concurs in result.

CRANDALL, J., concurs in result in separate concurring opinion.

CRANDALL, Judge, concurring.

I concur in the result reached by the majority opinion of Grimm, J.

I reiterate my concurring opinion in the companion cases of *Meyer v. Meyer,* No. 60829, and *Sladek v. Sladek,* No. 60837, 842 S.W.2d 184 (Mo.App.1992).