**Tyler SPONAMORE, et al., Petitioners,**

v.

**Angela SPONAMORE, et al., Respondents,**

**ST. CHARLES COUNTY, Appellant.**

No. ED 78696.

Missouri Court of Appeals,
Eastern District,
Division Four.

June 26, 2001.

Emily N. Blood, St. Charles, MO, for respondents.

Susan E. Clarke, Chesterfield, MO, for petitioners.

Leah Bennett Haub, St. Charles, MO, Guardian Ad Litem.

LAWRENCE E. MOONEY, Presiding Judge.

St. Charles County (County) appeals the court's order that County pay the court-appointed Guardian Ad Litem (GAL) $825.00 for services rendered. We reverse and remand.

The facts giving rise to this appeal are as follows. A father filed a motion to modify a judgment and order regarding a declaration of paternity, child custody, and child support. On May 23, 2000, the court entered an order appointing Leah B. Haub as GAL to protect the interests of the minor child, and stated in its order that the County be "a part of the proceeding." On June 20, 2000, the court entered a second judgment awarding the GAL fees in the amount of $825.00, and finding County responsible for that amount. The order further stated that County had been previously made a party to the matter. The County claims it did not receive notice of the court's May 23, 2000 order making it a "part of the proceeding." Also the record does not reflect such service, and the GAL conceded that County was not served with any pleading or court order prior to June 20, 2000. The County acknowledges that it was served notice of the June 20, 2000 judgment awarding the GAL fees. On July 7, 2000, the County, referring to itself as an Intervenor, then filed a motion to set aside the court's order requiring it to pay GAL fees out of public funds.

The court entered its order on September 11, 2000, reiterating that the GAL fees be assessed against County in the amount

Beverly E. Temple, St. Charles, MO, for appellant.

of $825.00, based upon the court's review of *Sweeten v. Watie,* 842 S.W.2d 190 (Mo. App. E.D.1992), and *Meyer v. Meyer* and *Sladek v. Sladek,* 842 S.W.2d 184 (Mo.App. E.D.1992). The court further stated that County was given the opportunity to intervene, and therefore no further notice was required. County appeals the court's judgment.

■ We must first determine whether County is a party to this proceeding and entitled to appeal the judgment. The record unfortunately is not a model of clarity, and forces us to draw several conclusions with respect to the underlying facts of this appeal. Although it is unclear whether County actually filed a motion to intervene because no such motion appears in the legal file, we find that the trial court treated County as a party and intended it to be a party to the lawsuit. Except for the May 23, 2000 order, County received notice of all further Court proceedings. Moreover, County, deeming itself an Intervenor, filed a motion to set aside the award of GAL fees, which was heard and denied by the trial court. In addition, the trial court stated in its May 23, 2000 order, and reiterated in its June 20, 2000 order, that County be made a part of the proceedings. Finally, County was aggrieved by the trial court's judgment awarding GAL fees against it. Therefore, we find that County had effectively intervened, and we thus turn to the merits of this action. *See Everhart v. Crabb,* 775 S.W.2d 335 (Mo. App. W.D.1989) (even though trial court denied formal motion for intervention, passenger found to be a party-intervenor because he was treated as a party and participated in proceedings).

■ *Meyer* and *Sladek* stand for the proposition that County should be allowed to challenge the assessment of GAL fees to be paid from the public treasury before judgment is entered or costs are taxed

against County. That was not done here. County was not a party to the proceeding until after County was found liable for the GAL fees. Therefore, we reverse and remand with instruction that the judgment awarding GAL fees be set aside and the County be allowed to contest the assessment of GAL fees before judgment is entered or costs are taxed.

PAUL J. SIMON, J., and SHERRI B. SULLIVAN, J., concur.